CASE 20.—ACTION BY THE COMMONWEALTH AGAINST J. A. LEDFORD ON A BOND AS A MERCHANT LIQUOR DEALER.—May 28.

# Commonwealth v. Ledford

Appeal from Christian Circuit Court.

Demurrer to petition sustained. Commonwealth appeals.—Affirmed.

1.  Intoxicating Liquors—Liquor Dealer's Bond—Right to Exact—Power of County Court.—Under Ky. St. 1903, section 4224, authorizing county courts alone to grant merchants licenses to retail liquors, and prescribing the procedure for procuring such licenses, the county court has little discretion whether a license shall be granted to an applicant of good character, who keeps an orderly house, has complied with the statutory requirements as to posting notices of his application, and against the granting of a license to whom the majority of the voters of the neighborhood have not protested, and the county court is not authorized to exact a bond for the faithful observance by the applicant of the law with respect to the conduct of his business, in the absence of a statutory provision authorizing the taking of such bond.

2.  Same—Statutory Provisions—Application.—A statute requiring the taking of bonds from tavern keepers, conditioned upon the faithful observance by them of the law respecting the conduct of their business, does not apply to merchant dealers in liquors.

3.  Same—Common-Law Bonds.—A bond required by the county court of a merchant liquor dealer, which bond the county court had no authority to take, was not a voluntary bond so as to make it good as a common-law bond upon which an action could be maintained for its breach.

JAMES BREATHITT, Atty. Genl., THOS. McGREGOR and CHAS. H. MORRIS, Asst. Atty. Genl. and DENNY SMITH for the Commonwealth.

Commonwealth v. Ledford.

O. H. ANDERSON and C. H. BUSH for appellee.

(No brief. Record out of office.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Affirming.

The county court is alone authorized to grant mer-
chants licenses to retail liquors in quantities not less
than a quart, and not to be drunk on the premises.
Section 4224, Ky. Stats., 1903. The procedure re-
quired by the statute is that the applicant shall first
post notices of his intention to apply for the license
for so many days before the application is heard.
Then the residents of the neighborhood may protest
against the license being granted, the neighborhood to
be defined by the court. If a majority of the legal
voters protest, the license must be refused. Nor shall
a license be granted to a person of bad character, or
who keeps a disorderly house. However, if the appli-
cant is a person of good character, keeps an orderly
house, has complied as to posting notices of his appli-
cation, and a majority of the voters of the neighbor-
hood do not protest, the county court has but little
discretion left as to whether the license shall be
granted. Hodges v. Metcalfe County Court, 116 Ky.
524, 76 S. W. 381, 25 Ky. Law Rep. 772. But in Chris-
tian county the county court exacted as a condition
precedent to the granting of a merchant's license to
Ledford that he enter into bond with the Common-
wealth in the penal sum of $500, conditioned that he
would faithfully observe the law with respect to con-
ducting his business; and appellee, Ledford, with his
surety, entered into such covenant. This suit was
brought upon the bond by the Commonwealth, charg-
ing its breach in that Ledford sold to inebriates, to

minors, and in quantities less than a quart, as well as in other quantities to be drunk on the premises, and that he kept a disorderly house. A recovery of the penal sum named in the bond was asked for. The circuit court sustained a demurrer to the petition. We think properly so.

It is conceded by the State's attorney that there is no provision of the statute authorizing the taking of such bond, unless, it is said, the statute applicable to tavern keepers should be held to apply. While in olden times a tavern keeper may have been deemed a retailer of liquor or a merchant retailer, we think the Legislature of this State, by naming them separately, and providing different conditions as to each, intended that they should not be any longer regarded as synonymous employments. And as bond is expressly required of tavern keepers, but not of merchants, the county court was without authority to exact or to receive such bonds of the latter. They are without consideration besides. It amounts to this: A is concededly entitled to have a certain license granted to him upon his paying the fees; but in addition he is required to execute a covenant not to violate the law. The requiring the covenant was as much unauthorized as if, in addition to the toll legally exactable by a ferryman, he should also require a bond of the traveler to keep the peace. In neither event is it a voluntary bond. And not being such, it is not good as a common-law bond. Perry v. Hensley, 14 B. Mon. 474, 61 Am. Dec. 164.

Judgment affirmed.