Augustine **SALAZAR, as Administrator of the Estate of Alfred Eloy Salazar, Deceased, Plaintiff,**

v.

Michael **DOWD, Warren Beard, Harold A. Dill, Daniel Hoffman, Alfred L. Capra, City and County of Denver, and Westway Inn, Inc., a Colorado corporation, Defendants.**

Civ. A. No. 66–C–127.

United States District Court
D. Colorado.
July 21, 1966.

Edward O. Geer and John S. Carroll, Denver, Colo., for plaintiff.

Yegge, Hall, Treece & Evans and Joseph N. Lilly, Denver, Colo., for defend-

ants Michael Dowd, Warren Beard and Harold A. Dill.

Max P. Zall and James H. Snyder, Denver, Colo., for defendants Daniel Hoffman and Alfred L. Capra.

Kenneth N. Kripke and Charles A. Friedman, Denver, Colo., additional counsel for defendant Daniel Hoffman.

Max P. Zall, City Atty., and James H. Snyder, Asst. City Atty., Denver, Colo., for defendant City and County of Denver.

William P. Sullivan, Denver, Colo., for defendant Westway Inn., Inc.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This matter is before the Court on defendants' motions for summary judgment or dismissal. The case is unusual in that it invokes the Federal Civil Rights Acts, Title 42 U.S.C.A. §§ 1983, 1985 and 1988, together with the Constitution of the United States in a case in which the injured person is alleged to have subsequently died as a result of the conduct of the defendants.

Counsel for plaintiff disclaim any suit or action under the so-called State wrongful death statute and thus it would appear that the case is one in which the administrator seeks to recover the damages which survived following the death of decedent. See C.R.S. '63, 153–1–9.

The defendant Hoffman formerly occupied the office of the Manager of Safety for the City and County of Denver. The defendant Capra is the present occupant of that office. The defendant Westway Inn, Inc. is a Colorado corporation. Defendants Beard and Dowd were allegedly the arresting officers. Defendant Dill was the Chief of Police at the time in question.

The complaint contains two counts, the first of which alleges that during the period March 7 through 10, 1964, the decedent was arrested and incarcerated and further that a severe beating was administered to him by the defendants Beard and Dowd. It is alleged that the arrest was without a warrant. Further allegations are that the decedent was held incommunicado in jail for sixty-one hours during which time he was not informed of the charges against him and was denied timely medical attention, and that as a result of the unlawful conduct of the defendants he died.

The second claim alleges a conspiracy among the several defendants pursuant to Title 42 U.S.C.A. § 1985. This is a conspiracy to commit the acts which are described in Count One. Damages in the amount of $550,000.00 are sought.

The defendants Dowd, Beard and Dill, together with the defendant Westway Inn, Inc., question the right of the plaintiff to bring the action and claim that under our Rule 17 he is not a real party in interest. Their theory is that this suit is in reality a wrongful death action under C.R.S. '63, 41–1–1 and must, therefore, be brought and maintained by the heirs named in the statute. They also contend that the survival statute, C.R.S. '63, 153–1–9, limits the damages which can be claimed.

■ At the present time there is not an issue as to the authority of the plaintiff as administrator. His commission from the Adams County District Court has been produced. As to the contention that the action is in reality a wrongful death action, it would appear from the complaint that no such intention can be attributed to counsel for the plaintiff. It is plain from the allegations of the complaint that the cause is founded on the alleged violation of Federal law. Colorado statutes are, however, applicable insofar as the Federal acts involved must rely on state statutes to implement them. Such use of state law is provided for in Title 42 U.S.C. § 1988. Therefore, the Colorado law is applicable insofar as the Federal law is not suitable for carrying its policy into effect. Where the Federal statute is deficient state law may be looked to.

■ There is a substantial distinction between the wrongful death action and the survival suit. Damages in the wrongful death action may not exceed $25,000.00. In the survival statute there are particular items which are specifically excluded. See C.R.S. '63, 153–1–9. See also Publix Cab Co. v. Colorado National Bank of Denver, 139 Colo. 205, 338 P.2d 702, 78 A.L.R.2d 198 (1959). Therefore, the local law which is here applicable is the survival statute under which the administrator owns the action for the benefit of the estate. See Brazier v. Cherry, 5 Cir. 1961, 293 F.2d 401, cert. denied 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136. In the Brazier case suit was brought under the Civil Rights Act by a surviving widow individually and as administratrix. This also was a case in which decedent allegedly had been beaten to death by the defendant police officers. The trial court dismissed the action and the Fifth Circuit reversed that decision holding that 42 U.S.C. § 1988 adopted as Federal law the currently effective state statute on survival of actions and did so in order to permit full and effectual enforcement of the Civil Rights statutes. It was noted that inasmuch as the fiduciary plaintiff was also the widow, resort to the wrongful death action could have been appropriate.

We must conclude then that the motions to dismiss, insofar as they are based on the proposition that the plaintiff is not a real party in interest, are without merit and the same must be denied.

■ We must also reject the motions to dismiss based upon the fact that the survival statute specifically limits the damages, since this factor does not affect our jurisdiction. See Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Therefore, the fact that the damages might well be limited under the survival statute does not require that the action itself be dismissed.

■ Defendants Hoffman and Capra and the City of Denver contend that the action is barred by the Colorado limitations statute, C.R.S. '63, 87–1–1, 2, and 3. These are both one-year statutes of limitations. We must hold, however, that the specific Colorado statute of limitations pertaining to actions upon liability created by Federal statute, C.R.S. '63, 87–1–7, applies.

■ We turn now to the sufficiency of the allegations of the complaint. Apparently, the action against Hoffman is based upon the doctrine of *respondeat superior*. What the basis of the action against Capra is, cannot be discovered. Capra did not even occupy the position of Manager of Safety at the time of this incident. Regardless of this, the claims against both these defendants must be dismissed because said Civil Rights Acts provide redress for those injured by persons acting under color of law. Personal involvement is contemplated. Jordan v. Kelly, W.D.Mo.1963, 223 F.Supp. 731. And see Schwalb v. Connely, 116 Colo. 195, 179 P.2d 667 (1947). The latter case holds that a public official is not subject to the doctrine of *respondeat superior* applicable to the master-servant relationship. Since it is no where here alleged that either Hoffman, Capra or Dill had anything whatsoever to do with the series of acts or events here in question, and since they are not even charged with having any knowledge concerning it, it must be held that Count One fails to state a claim against any of them. Their motions must, therefore, be granted.

■ The general allegations in Count Two which undertake to describe a conspiracy do not contain any specific allegation that Hoffman, Capra or Dill were guilty of any specific acts and so, therefore, the second count must also be dismissed as to the defendants Hoffman and Capra.

■ This discussion applies with equal force to the defendants Westway Inn, Inc. and the City and County of Denver, neither of which is alleged to have acted in any way with respect to the matters here complained of. Furthermore, the

City of Denver is not a person under the Civil Rights Acts. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961).

The actions against Dowd and Beard may stand, but as we view it are limited to the damages which are set forth in the Colorado Survival Statute. Accordingly, it is

Ordered that the motions of Dowd and Beard should be, and the same are hereby denied. The motions of the defendants Hoffman, Capra, Dill, Westway Inn, Inc., and the City and County of Denver are granted, and as to these defendants the complaint is dismissed.