Steven Ray McDANIEL b/n/f and natural parent of Keith McDaniel, Benny Fred Jenkins and Constance Beverly Harbison, Plaintiffs-Appellees,

v.

Robert CARROLL and Western Surety Company, Defendants-Appellants.

No. 71–1871.

United States Court of Appeals, Sixth Circuit.

April 11, 1972.

William D. Vines, III, Knoxville, Tenn., on brief for Carroll; James E. Foglesong, Knoxville, Tenn., on brief for Western Surety Co.; Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, Tenn., of counsel.

Norbert J. Slovis, and William R. Fain, III, Knoxville, Tenn., on brief for plaintiffs-appellees; Lockett, Slovis & Weaver, Knoxville, Tenn., of counsel.

Before WEICK, McCREE and MILLER, Circuit Judges.

WEICK, Circuit Judge.

The actions in the District Court were brought under the Civil Rights Act[1] against the Sheriff of Blount County, Tennessee, the Deputy Sheriff, and the surety on the Sheriff's bond, to recover compensatory and punitive damages for personal injuries sustained by the plaintiffs when they were shot by the Deputy as he was endeavoring to serve an arrest warrant.

The cases were consolidated and tried before a jury, which returned a verdict in favor of each plaintiff against all of the defendants, for both compensatory and punitive damages. The sheriff and his surety have appealed. No appeal was filed in behalf of the deputy who did the shooting. We affirm.

On appeal, the sheriff does not question the awards to the plaintiffs of compensatory damages, but he argues that punitive damages should not have been assessed against him for the reason that he was not present when the shooting occurred and did not participate in it, and did not authorize or ratify it.

Under Tennessee law, however, a sheriff and his surety are liable for compensatory as well as punitive damages for torts committed by a deputy sheriff in the performance of his official duties. State ex rel. Coffelt v. Hartford Acc. & Indem. Co., 44 Tenn. App. 405, 314 S.W.2d 161 (1958), certiorari denied by the Supreme Court of Tennessee.

It is undisputed that at the time of the shooting the deputy sheriff was endeavoring to serve an arrest warrant, which was in the performance of his official duty. The shooting was entirely unjustified and without warrant in law. No claim is made that the verdict was not supported by substantial evidence.

Federal law permits the recovery of punitive damages in actions under the Civil Rights Acts. Caperci v. Huntoon, 397 F.2d 799 (1st Cir.), cert. denied, 393 U.S. 940, 89 S.Ct. 299, 21 L.Ed.2d 276 (1968); Mansell v. Saunders, 372 F.2d 573 (5th Cir. 1967); Basista v. Weir, 340 F.2d 74 (3d Cir. 1965).

In Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 90 S.Ct. 400, 24 L. Ed.2d 386 (1969), the Court, in an opinion written by Mr. Justice Douglas, said:

"This means, as we read § 1988, that both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes. Cf. Brazier v. Cherry, [5 Cir.] 293 F.2d 401. The rule of damages, whether drawn from federal or state sources, is a federal rule responsive to the need whenever a federal right is impaired." (*Id.* at 240, 90 S.Ct. at 406).

The sheriff contends that under federal law, damages may not be assessed against a principal for acts committed by an agent and not participated in or ratified by the principal. Lake Shore & Mich. So. Ry. v. Prentice, 147 U.S. 101, 13 S.Ct. 261, 37 L.Ed. 97 (1893); United States Steel Corp. v. Fuhrman, 407 F.2d 1143 (6th Cir. 1969). Lake Shore was decided before Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *United States Steel* was an admiralty case.

Furthermore, in Civil Rights cases the common law of a state may be used on the issue of damages where it better serves the policies expressed in the federal statutes. Sullivan v. Little Hunting Park, Inc., *supra.*

In Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969), the Court held that apart from his claim under § 1983, a plaintiff was entitled under the doctrine of pendent jurisdiction to consideration of his claim under the common law of Texas, citing United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L. Ed.2d 218 (1966).

We find no error in the Court's instructions to the jury on punitive damages. Defendants made no objection to

---

1. Title 42 U.S.C. §§ 1983, 1985.

the instructions on that ground and are not in position to claim error here. Rule 51, Fed.R.Civ.P.

Other errors alleged have been considered, but in our judgment they do not merit discussion.

Affirmed.