**Eliza Chapman GARNER, Plaintiff-Appellant,**

v.

**Buel STEPHENS et al., Defendants-Appellees.**

No. 71-2030.

United States Court of Appeals, Sixth Circuit.

June 1, 1972.

Henry A. Triplett, Louisville, Ky., for plaintiff-appellant; David N. Everett, Douglas B. Taylor, Hogan, Taylor, Denzer & Bennett, Louisville, Ky., on brief.

Hollis E. Edmonds, Russell Springs, for defendants-appellees; Robert L. Bertram, Jamestown, Ky., on brief.

---

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and FEIKENS, District Judge.*

KENT, Circuit Judge.

This appeal requires the determination of which Kentucky Statute of Limitations will be applied to a case arising under the Civil Rights Act, 42 U.S.C. § 1983, when there is no claim of physical injury.

The plaintiff (the parties will be referred to as in the court below) is a school teacher in Russell County, Kentucky. Pursuant to a regulation of the Russell County Board of Education she was not permitted to teach during the school year 1968/1969 because she was pregnant on the day the school year began. She gave birth to a child nine days later. The defendants are the members of the Russell County Board of Education.

In 1965 the Board of Education had adopted a regulation which required teachers pregnant at the commencement of the school year to take a full year's leave of absence. Plaintiff did not commence this action until July 1, 1970, when she sued contending that the regulation and the action of the Board violated her Civil Rights. In her prayer for relief plaintiff asked that the regulation be declared null and void and that she be reimbursed for the monetary loss suffered because of the action of the School Board in denying her the right to be a full-time teacher. In her complaint the plaintiff set forth that she had been permitted to act as a substitute teacher and credited the amounts received in computing her monetary loss.

On motion the trial court dismissed the action as being barred by the provisions of KRS 413.140:

"(1) The following actions shall be commenced within one year after the cause of action accrued:

(a) An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice or servant."

because the plaintiff had not commenced her action within the required one year from the date the cause of action accrued. In applying the one year Statute of Limitations of Kentucky the trial court relied upon Krum v. Sheppard, 255 F.Supp. 994 (W.D.Mich., 1966), Aff'd. 407 F.2d 490 (6th Cir. 1967), and Madison v. Wood, 410 F.2d 564 (6th Cir. 1969). Each of these decisions required the application of the three-year Statute of Limitations of the State of Michigan. The law is clear that in determining the Statute of Limitations period applicable to actions based upon Section 1983, which does not by its terms provide a period of limitations, the law of the state in question must be examined to determine the appropriate period. As stated by this Court in Madison v. Wood, 410 F.2d 564, 566 (6th Cir. 1969):

"[2] Since the Civil Rights Act and the federal statutes do not contain a statute of limitations for actions brought under Section 1983, we will apply the most analogous period of limitations under Michigan law. Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964); Mohler v. Miller, 235 F.2d 153 (6th Cir. 1956); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1957)."

and see also Swan v. Board of Higher Education of the City of New York, 319 F.2d 56, 59 (2nd Cir. 1963), where the Court of Appeals for the Second Circuit stated:

"[1–4] Because a statute of limitations for actions of the present kind is not contained in either the Civil Rights Act itself or elsewhere in the federal statutes, the applicable period of limitation is that which New York would enforce had an action seeking similar relief been brought in a court of that state. O'Sullivan v. Felix, 233

* Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Hoffman v. Halden, 268 F.2d 280 (9 Cir. 1959); Wilson v. Hinman, 172 F.2d 914 (10 Cir.), cert. denied, 336 U.S. 970, 69 S.Ct. 933, 93 L.Ed. 1121 (1949). This, of course, is the rule which prevails generally when Congress has not provided a statute of limitations for a federally-created cause of action. Smith v. Cremins, 308 F.2d 187 (9 Cir. 1962); Powell v. St. Louis Dairy Co., 276 F.2d 464 (8 Cir. 1960); Bertha Bldg. Corp. v. National Theatres Corp., 269 F.2d 785 (2 Cir. 1959), cert. denied, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960)."

and see Shank v. Spruill, 406 F.2d 756 (5th Cir. 1969).

The sole question before us is, therefore, which Kentucky Statute of Limitations is appropriate for application to an action brought under Section 1983 where no physical injury to the person is involved or claimed.

The Court of Appeals of Kentucky has reviewed the application of the provisions of KRS 413.140, and has interpreted it as being applicable to actions for actual physical injury such as might be contemplated in the normal tort action. In Western Union Telegraph Co. v. Witt, 33 Ky.Law Rep. 685, 110 S.W. 889 (1908), that Court had before it a case in which the plaintiff claimed damages for mental anguish and suffering caused by late delivery of a telegram reporting the death of plaintiff's sister. In determining the application of the predecessor to KRS 413.140 the Court said at 110 S.W. 889, 891:

"The damages for the failure to deliver a telegram are not an injury to the person in the meaning of section 2516, supra. This section contemplates a physical injury to the person. Ordinarily actions brought under this section sound in tort, and are not distinctly based upon a contractual relation, although the tort may have its origin in such relation."

The Kentucky Court of Appeals reached a similar result in Resthaven Memorial Cemetery, Inc. v. Volk, 286 Ky. 291, 150 S.W.2d 908 (1941), an action for mental suffering allegedly caused by the disinterment and removal to another grave of plaintiff's wife. In a review of the application of the predecessor to KRS 413.-140(1) (a), the Kentucky Court stated at 150 S.W.2d 910, 911:

"Section 2516, Kentucky Statutes, deals with actions that must be brought within one year after accrual of right, among which is 'An action for an injury to the *person* of the plaintiff * * *.' (Our italics.) The argument is that since plaintiff's cause of action is for mental pain and suffering, or injury to his sensibilities, it is none the less an injury to his 'person' in the meaning of the statute, supra.

"In Menefee v. Alexander, 107 Ky. 279, 53 S.W. 653, 654, 21 Ky.Law Rep. 980, which was an action for damages resulting from the malpractice of a physician, it was contended that the injuries resulting from the treatment of the patient were injurious to his person within the meaning of section 2516. In denying that contention the court said:

'The phrase, "an action for an injury to the person of the plaintiff," in the statute quoted, refers to those cases where the personal injury is the gist of the action; such as actions for assault and battery, and the like. If a druggist should sell a man poison for a harmless medicine, the suit for damages therefor would be not an action for injury to the person, although great suffering or loss of health had resulted from it. * * *'

"It will be noted that in the illustration, supra, there would have been actual physical injury to the plaintiff which is a stronger reason for bringing it within the purview of section 2516, than in the present case where no physical injury was sustained.

Further on in the same opinion the court said:

'If the words, "an action for an injury to the person of the plaintiff," in the first clause of section 2516 of the Kentucky Statutes, above quoted, had been intended to cover actions for personal injury growing out of negligence or a breach of duty on the part of the defendant, then the next clause of the section, including within its operation injuries to persons by railroads, would have been wholly unnecessary, and several of the other actions expressly named in the following clauses might have been omitted.'

"In Wood v. Downing's Adm'r, 110 Ky. 656, 62 S.W. 487, 489, 23 Ky.Law Rep. 62, also an action for damages against a physician for malpractice, the court referred to the Menefee case, supra, with approval, and again held that the phrase 'an action for an injury to the person of the plaintiff,' refers to those cases where the personal injury is the gist of the action, such as assault and battery, and the like. Also, in Western Union Telegraph Co., v. Witt, 110 S.W. 889, 891, 33 Ky.Law Rep. 685, an action for damages for mental pain and suffering endured by the plaintiff because of the defendant's failure to deliver a telegram informing him of the death of his sister, the court said:

'The damages for the failure to deliver a telegram are not an injury to the person in the meaning of section 2516, supra. This section contemplates a physical injury to the person. Ordinarily actions brought under this section sound in tort, and are not distinctly based upon a contractual relation, although the tort may have its origin in such relation. To illustrate, when a common carrier undertakes to transport a passenger, a contract relation is entered into, and yet, if the passenger is injured, a tort has also been committed that is an injury to the person. And, as the injury to the person rather than the breach of the contract is usually the foundation of the claim for damages, it has been held that this statute applies to actions to recover damages for injuries to the person, although the injury results primarily from the breach of the contract by the carrier in failing to safely transport the passenger.' "

Thus, Kentucky has given a more restrictive judicial application to the provisions of this Statute than has been applied in Michigan in Madison v. Wood, 410 F.2d 564, 566 (6th Cir. 1969), and Krum v. Sheppard, 255 F.Supp. 994.

In addition to the factors already discussed it must be pointed out that in Michigan the choice is between a specific three-year statute applicable to injuries to "person or property," and a general six-year statute of limitations. In Kentucky, on the other hand, the choice of possible statutes of limitations is much broader. Defendant suggests that we should apply KRS 344.200 [1] which places a limitation on complaints filed

---

1. *344.200 Complaints of discrimination, procedure, conciliation agreements, enforcement.—*

(1) An individual claiming to be aggrieved by an unlawful practice, a member of the commission, or the attorney general may file with the commission a written sworn complaint stating that an unlawful practice has been committed, setting forth the facts upon which the complaint is based, and setting forth facts sufficient to enable the commission to identify the persons charged (hereinafter the respondent). The commission staff or a person designated pursuant to

its rules shall promptly investigate the allegations of unlawful practice set forth in the complaint and shall within five (5) days furnish the respondent with a copy of the complaint. The complaint must be filed within one hundred eighty (180) days after the alleged unlawful practice occurs, except that a complaint alleging discrimination in real estate transaction must be filed within thirty (30) days, and a complaint alleging discrimination in employment (under KRS 344.030 to 344.110) must be filed within ninety (90) days.

with the Kentucky Civil Rights Commission. We find this statute inapplicable since by its terms it does not apply to actions commenced in the Courts.

After examination of the statutes it appears that the most appropriate provision is contained in KRS 413.120(2), which provides:

"The following actions shall be commenced within five years after the cause of action accrued:

\*      \*      \*      \*      \*      \*

(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability."

Clearly, any rights which the plaintiff may have are dependent upon the provisions of the Civil Rights Act, 42 U.S.C. § 1983, as passed by the Congress of the United States. She does not claim any injury to her person and, therefore, is not barred by the one year statute as interpreted by the Kentucky Court of Appeals. She does claim a statutory right within the meaning of the five year statute contained in KRS 413.120(2), and should be permitted to pursue that action.

The judgment of the District Court is reversed.