**Fred Richard CANDELARIA, Plaintiff,**

**v.**

**Earl VALDEZ, individually and in his capacity as Deputy Sheriff of Conejos County, et al., Defendants.**

**Civ. A. No. C–4290.**

United States District Court, D. Colorado.

Jan. 18, 1973.

John Whitehouse Cobb, Taussig, Mc-Carthy & Snyder, Boulder, Colo., for plaintiff.

John Ira Green, Alamosa, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

Plaintiff brings this action under 42 U.S.C. § 1983. The complaint asserts jurisdiction pursuant to 28 U.S.C. § 1343.

Plaintiff alleges that defendant, Earl Valdez, acting under color of law as a police officer (deputy sheriff), illegally

arrested plaintiff and that Valdez struck plaintiff causing physical injury.

Defendant, Amos Abyta, Sheriff of the County of Conejos, is alleged to be liable for the conduct of Earl Valdez under the doctrine of *respondeat superior* and for his alleged negligence in hiring, supervising and training Earl Valdez.

The Board of Commissioners of the County of Conejos are alleged to have employed defendants, Abyta and Valdez, as their agents and are therefore said to be liable to plaintiff for the imputed negligence of Abyta and Valdez. The Board of Commissioners are also alleged to have been negligent in inadequately funding the sheriff's office to provide for adequate training and supervision of the deputies.

Defendants move to dismiss for failure to state a claim for which relief can be granted.

The motion to dismiss should be granted as to the members of the Board of County Commissioners and defendant, Abyta, and denied as to defendant, Valdez.

■ The relief afforded under the Civil Rights Act contemplates personal involvement by those persons alleged to have injured others while acting under color of law. Salazar v. Dowd, 256 F. Supp. 220, 223 (D.Colo., 1966). Personal involvement requires that the person charged be present at the time of the wrongful acts or that the person charged directed or cooperated in the violation. Jordan v. Kelly, 223 F.Supp. 731, 739 (W.D.Mo., 1963), Patrum v. Martin, 292 F.Supp. 370 (W.D.Ky., 1968), Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga., 1969).

■ There are no allegations in the pleadings of this case which would indicate sufficient involvement by any member of the Board of Commissioners or defendant, Abyta, with the arrest of plaintiff.

■ Plaintiff attempts to hold Abyta liable under the doctrine of *respondeat superior*. Courts are divided over the question of whether the doctrine is available under a § 1983 action. The rule in Colorado is that the doctrine does not apply. Salazar v. Dowd, supra. Accord, Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill., 1969); Nugent v. Sheppard, 318 F.Supp. 314 (N.D.Ind., 1970). The following cases held that the doctrine does apply: Hill v. Toll, 320 F.Supp. 185 (E.D.Penn., 1970); Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971); discussed in Anderson v. Nosser, 438 F.2d 183, n. 13 (5th Cir. 1971).

In Salazar, Judge Doyle cited Schwalb v. Connely, 116 Colo. 195, 179 P.2d 667 (1945), for the proposition that a public official is not subject to *respondeat superior*. The following language is taken from that Colorado case:

. . . "The doctrine of respondeat superior applicable to the relation of master and servant does not apply to a public officer so as to render him responsible for the acts or omissions of subordinates whether appointed by him or not, *unless* he, having the power of selection, has failed to use ordinary care therein, or unless he has been negligent in supervising the acts of such subordinates, or has directed or authorized the wrong." . . . *Schwalb*, supra at 203, 179 P.2d at 671 (emphasis added).

The allegations in the complaint come within the exceptions listed above. However, the main emphasis of Salazar is *"personal involvement"* and there is no basis in the pleadings for such a finding against Abyta.

It is therefore ordered that the motion to dismiss is granted as to all defendants except Earl Valdez who shall answer the complaint within fifteen days from this date.