**Lewis TRAYLOR, Plaintiff,**

v.

**CITY OF AMARILLO, TEXAS, et al.,
Defendants.**

**William R. CURTIS, Plaintiff,**

v.

**CITY OF AMARILLO, TEXAS, et al.,
Defendants.**

**Civ. A. Nos. 2–1114, 2–1128.**

United States District Court,
N. D. Texas,
Amarillo Division.

Feb. 28, 1973.

Larry Watts, Houston, Tex., for plaintiffs.

Bruce Aycock, Amarillo, Tex., for City of Amarillo.

Harlow Sprouse, Underwood, Wilson, Sutton, Heare & Berry, Joe Harlan, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, Tex., for defendants.

## MEMORANDUM AND ORDER

WOODWARD, District Judge.

The instant case is a civil rights action under 42 U.S.C. §§ 1983 and 1985(3) claiming damages for destruction of real property and challenging the constitutionality, on their face and as applied, of certain municipal ordinances setting forth procedures for the condemnation and demolition of nuisance structures. Plaintiff property owners seek injunctive and declaratory relief as well as money damages, claiming deprivation of constitutional rights and denial of due process of law. Defendants are City Commissioners and the City Manager of the City of Amarillo, Texas.

In accordance with its intentions announced in open court at the close of the trial of the instant two consolidated cases, the Court here sets forth its findings of fact and conclusions of law. All parties have rested on all questions except that of damages, and the Court has now before it the motions of defendants and the oral arguments of counsel concerning a directed verdict in favor of defendants. The Court has considered plaintiffs' motion to withdraw from the jury all issues except that of compensatory damages, and said motion is hereby granted.

As to plaintiff Curtis, the evidence indicates that he is a practicing Certified Public Accountant owning extensive rental property within the city limits of Amarillo, including the two properties involved in the present case, 1208 N.W. 9th Street and 904–916 N. Ong. City employees, during 1969 and 1970, discovered various unhealthy and dangerous conditions to exist on these properties. Plaintiff Curtis received notice of said inspection on May 20, 1970, instructing that the conditions be corrected, or the buildings demolished, by June 20, 1970. Plaintiff received a building permit for the purpose of repair of the Ong Street property on June 18, 1970. The City of Amarillo cancelled this building permit on September 16, 1970, alleging that the required repairs were incomplete and had been abandoned.

On September 17, 1970, the City by letter instructed plaintiff Curtis that the two properties were not in compliance with the City Ordinances and that removal should begin by September 30, 1970. On November 24, 1970, the Amarillo City Commission passed a resolution to the effect that Curtis's properties constituted nuisances which should be abated by demolition. Said resolution was passed in Curtis's absence, but he was informed by certified mail that a public hearing would be held on December 15, 1970, at which time Curtis was to show cause why the structures should not be demolished.

The evidence indicates that at the hearing in question, Curtis did not question the fact that his properties constituted a nuisance under the City Ordinances. Curtis was, however, afforded every opportunity to be heard fully at the Commission meeting. Curtis requested, and was granted, a resolution giving him a ninety-day extension during which to make the necessary repairs.

On February 10, 1971, a wrecking permit was issued to a private contractor for the purpose of demolishing the 9th Street property. Said permit was subsequently voided, but not before the City or a contractor designated by the City had inadvertently begun demolition on the 9th Street property, without Curtis's knowledge, by ripping and removing various plumbing fixtures from the premises.

Upon the discovery of said damage, Curtis notified City officials of the error and on February 25, 1971, was issued a building permit for the purpose of repairs. On March 17, 1971, said permit was revoked by the City for the reason that the ninety-day extension had expired without the making of necessary

repairs and alterations. This 9th Street property remains at the present time substantially in the same damaged condition that it was in on February 25, 1971.

Also on February 25, 1971, Curtis was issued a building permit to repair the Ong Street property. Said permit was likewise cancelled on March 17, 1971. On July 30, 1971, a City building inspector reported that no repairs had been made on the property. On or about September 17, 1971, the property was demolished by the City or its designated representative.

As to plaintiff Traylor, the evidence indicates that he is the owner of a liquor store and of several rental properties located within the City of Amarillo. The property in question, located at 502 N. Hughes, has been vacant since 1963. On June 11, 1968, Traylor received a notice that the structure was a health and safety hazard and that demolition should be completed by July 11, 1968. On November 5, 1969, a City building inspector reported that the required repairs had not been completed. On December 16, 1969, the City Commission passed a resolution declaiming the property to be a nuisance and sent Traylor a notice of public hearing on December 30, 1969, to show cause why the building should not be demolished. Traylor was given a full opportunity to be present at said hearing but failed to appear or to send a representative. At that hearing the City Commission passed a resolution to condemn the property in question.

Traylor obtained a building permit on March 19, 1970, for the purpose of making the necessary repairs. Said permit was cancelled by the City on May 26, 1970, because the repair work had not been completed. A City building inspector reported on June 12, 1970, that the property had not been sufficiently repaired to be in compliance with the City Ordinances.

On July 13, 1971, city employee Montie Bowen granted Traylor an oral extension until August 14, 1971, to begin the required repair work. By letter of August 11, 1971, Traylor was advised that since no work had been done on the property, it would be demolished. The property was demolished by the City or its designated representatives on or about September 22, 1971. Neither plaintiff has received compensation for property destroyed.

The only acts charged against the individually named defendants were those performed by them as Mayor and members of the Amarillo City Commission, such as voting to send the notices, voting at the hearings, and similar functions at Commission meetings. The Court does not find any malice, ill will, bad faith, arbitrariness or capriciousness exhibited, manifested, or used by any of such individuals, but on the other hand finds that such acts were done in good faith.

■ The Court holds that the City Ordinances of Amarillo here under attack, Ordinances 5.5 through 5.9, inclusive, are constitutional on their face and as here applied. These ordinances were enacted in accordance with the grant of authority to a Home Rule city in Texas (and Amarillo is such a Home Rule city) by the Texas Const. art. 11, § 5, and the enabling statutes of the Texas Legislature, Tex.Rev.Civ.Stat.Ann. arts. 1015, 1067, and 1175. These ordinances are neither vague nor overbroad but are a legitimate and compelling exercise of the police power of a governmental unit such as the City of Amarillo. The ordinances provide for sufficient notice and hearing as well as opportunity for compliance before, as a last resort, property is demolished in order to protect the health and safety of the general public. Accordingly, all declaratory and injunctive relief will be denied.

■ Remaining is the question of whether the facts proven by plaintiffs, taken alone and considered in the light most favorable to plaintiffs, are sufficient for recovery of damages under 42 U.S.C. §§ 1983 and 1985(3). The Court holds that they are not.

The due process clauses of the United States Constitution in the Fifth and

Fourteenth Amendments require (especially where a statute or ordinance also requires) that sufficient notice and a fair and adequate hearing be given a property owner before his property can be demolished because of its unhealthful or dangerous qualities. It is clear that both plaintiffs were given full and adequate opportunity to challenge the findings of City employees, in compliance with the ordinances, and that the City Commission even granted extensions to plaintiffs to give further opportunity to abate the nuisances. Although plaintiffs have a constitutional right to a due process notice and hearing (which they received), they do not have a constitutional right to a favorable decision by the City Commission of Amarillo.

There is absolutely no showing of arbitrary or capricious action or of bad faith or conspiracy on the part of any of the defendants. The individual defendants, as Mayor and members of the City Commission, are charged with the commission of certain acts which were committed only in discharge of their official duties. As these acts were done without any bad faith, arbitrariness, or capriciousness on their part, the individuals cannot be subject to liability under either section 1983 or section 1985(3) of Title 42, U.S.C. Nelson v. Knox, 256 F.2d 312 (6th Cir. 1958). Further, any and all personal involvement of the individual named defendants of course ceased on December 15, 1970, and the evidence does not show any participation or acts on their part after the Commission meeting ordering the removal of the nuisances. The individuals who actually took part in later events relative to plaintiffs' property are not named as defendants in this case. Therefore even though it could be argued that the City erred in causing damage to Mr. Curtis's property subsequent to December 15, 1970, contrary to the provisions of the ninety-day extension, there is a complete absence of individual action from which a cause of action could lie under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983

and 1985(3), against the individuals either before or after the final Commission hearings. Salazar v. Dodd, 256 F. Supp. 220 (D.Colo.1966); Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969).

▇ In addition, the City of Amarillo may not be held liable in damages under these sections. A municipality may be subject to equitable relief but it is well settled that an action for damages cannot be maintained against a city under either section 1983 or section 1985, and other than the equitable relief prayed for and above denied, the only additional relief sought against the City is the payment of money damages. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961).

The Court must not be understood to indicate that a city and its officials and employees can never be liable under these sections. An abuse or misuse of the powers granted by this type of ordinance will of course be given careful scrutiny by the courts. The application of local ordinances will be upheld only where citizens are accorded fundamental fairness regarding their lives, liberty, and property. The Court holds that such fundamental fairness was afforded the present plaintiffs and that they received due process in the disposition of their property.

Accordingly, viewing all evidence in the light most favorable to plaintiffs, defendants' motion for directed verdict must be granted because of plaintiffs' failure to prove facts constituting a deprivation of federally protected rights. And since the Court has granted plaintiffs' motion to remove from the jury all issues except that of compensatory damages (all parties having rested), the above memorandum will constitute the Court's Findings of Fact and Conclusions of Law in favor of defendants on the merits as well as on the motion for directed verdict.

A judgment of even date herewith will be entered denying plaintiffs all relief.