Roy G. VANASCO and Joseph Ferris, Plaintiffs-Appellants,

v.

Arthur H. SCHWARTZ, Individually and in his capacity as Chairman of the New York State Board of Elections, et al., Defendants-Appellees.

Docket 74-2414.

United States Court of Appeals, Second Circuit.

Argued Nov. 1, 1974.

Decided Nov. 4, 1974.

Alan H. Levine, New York Civ. Liberties Union, New York City (Melvin L. Wulf, American Civ. Liberties Union, Paul Asofsky, New York City, of counsel), for plaintiffs-appellants.

David E. Blabey, Sp. Counsel, Albany, N. Y. (Guy L. Heinemann, Chief Atty., Stanley L. Zalen, Associate Atty., New York State Bd. of Elections, Albany, N. Y., of counsel), for defendants-appellees.

Before LUMBARD, MOORE and MANSFIELD, Circuit Judges.

PER CURIAM:

Roy G. Vanasco, a candidate in the forthcoming election to be held on November 5, 1974, for the office of New York State Assemblyman in the 57th Assembly District and Joseph Ferris, a candidate in the same election for the office of Assemblyman in the 51st Assembly District, appeal from an order of the United States District Court for the Eastern District of New York dismissing their complaint in an action for declaratory and injunctive relief pursuant to Title 42 U.S.C. § 1983. They seek the convocation of a three-judge district court pursuant to Title 28 U.S.C. §§ 2281 and 2284 for the purpose of declaring unconstitutional and enjoining the enforcement of New York's Fair Campaign Code, Title 9, Subtitle V, Part 6201, Compilation of Codes, Rules and Regulations of the State of New York, on the ground that it constitutes an unjustified prior administrative restraint upon their First Amendment right to distribute campaign literature, see Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963); Near v. Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed 1357 (1931); New York Times Co. v. United States, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971); Organization for a Better Austin v. Keefe, 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971). In addition the district court denied plaintiffs' application for a preliminary injunction.

Pending appeal plaintiffs sought an order (1) staying the enforcement of the decision of the State Board of Elections issued on October 23, 1974, finding that Vanasco had violated § 6201.1 (f) of the Fair Campaign Code and ordering him to surrender certain literature or submit a plan for remarking it, and (2) restraining the defendants from holding a hearing or taking any other action with respect to a complaint directed at campaign literature of plaintiff Ferris. Because the election would be held in a few days we heard the parties on Friday, November 1, 1974.

The application for a stay pending appeal is denied. Circuit Judge Mansfield dissents as to the denial with respect to appellant Ferris.

After review of the papers and argument we are satisfied that the complaint raises constitutional issues that are sufficiently substantial to require that a three-judge court be convened. See Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); Smith v. Follette, 445 F.2d 955 (2d Cir. 1971). Accordingly the order of the district court is reversed and the case remanded for the convocation of a three-judge court pursuant to Title 28 U.S.C. §§ 2281 and 2284.