William KNIPP et al., Plaintiffs,

v.

Thomas WEIKLE et al., Defendants.

No. C 75–108 A.

United States District Court,
N.̇ D. Ohio, E. D.

Nov. 5, 1975.

Robert R. Disbro, Cleveland, Ohio, for plaintiffs.

Smith Warder, Arter & Hadden, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiffs William Knipp (Knipp) and Denver Roof (Roof) filed the above-captioned action against Thomas Weikle, Sheriff of Richland County, Ohio (Sheriff Weikle) and William Miser, a deputy captain on the Sheriff's staff (Deputy Captain Miser), seeking to recover damages for the alleged violation of their civil rights guaranteed under 42 U.S.C. §§ 1983, 1985 and 1986. In their complaint, plaintiffs allege that Deputy Captain Miser engaged in certain unlawful conduct, including the unlawful arrest and false imprisonment of plaintiff Knipp, and that through such misconduct Deputy Captain Miser caused plaintiffs to suffer humiliation, embarrassment and to suffer substantial financial loss.

Plaintiffs do not allege that Sheriff Weikle was present, knew of or that he participated in the unlawful conduct of Deputy Captain Miser. Plaintiffs merely assert that Sheriff Weikle is liable to them for the alleged violations of their civil rights by Deputy Captain Miser, since the Sheriff is responsible for all acts of omission or commission of his deputies.

On June 12, 1975, the Court issued an order granting the motion of Sheriff Weikle to dismiss the complaint as to him on the ground that plaintiffs had failed to state a claim against him under 42 U.S.C. §§ 1983, 1985, and 1986 upon which relief could be granted. Plaintiffs have now moved for reconsideration of the Court's order dismissing the claims brought against Sheriff Weikle under § 1983 on the grounds that Sheriff Weikle is a proper party-defendant under the theory of respondeat superior and, moreover, that even assuming that the claims against him under § 1983 cannot be maintained under that doctrine, the claims may be maintained in this Court, pursuant to 42 U.S.C. § 1988, by virtue of a provision of the Ohio Revised Code which imposes vicarious liability upon a sheriff for the unlawful conduct of his deputies.[1]

Upon due consideration and for the reasons set forth below, the plaintiffs' motion to reconsider the dismissal of their § 1983 claims against Sheriff Weikle is denied.

This Court has consistently held that the doctrine of respondeat superior is inapplicable in actions brought under 42 U.S.C. § 1983.[2] Therefore, absent an allegation that a named-defendant has personally subjected the plaintiff to a deprivation of his constitutional rights or has caused the conduct complained of or participated in *some* manner in the allegedly unlawful actions of his employee or subordinate officer, this Court has held a complaint insufficient to state a claim against such defendant under § 1983. This appears to be the view generally expressed by the United States Circuit Courts. *Johnson v. Glick,* 481 F.2d 1028 (2nd Cir. 1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32; *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971); *Draeger v. Grand Central, Inc.,* 504 F.2d 142 (10th Cir. 1974); *Goode v. Rizzo,* 506 F.2d 524 (3rd Cir. 1974), U.S.App. pending; *Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1973).

However, this Court has not previously been asked to consider whether the existence of a state statute such as § 311.05 O.R.C., which specifically allows for recovery against a state officer on the basis of vicarious liability, requires a departure from the general proposition that some degree of personal participation in the alleged deprivation of an individual's civil rights is a pre-requisite to the maintenance of a claim under § 1983.

Several United States Circuit Courts have recently considered the issue involved herein and, despite the general rule that the doctrine of respondeat superior is inapplicable under § 1983, have held or indicated that the question of whether an individual may be held vicariously liable for the acts of his subordinate in an action brought under § 1983 is a matter of and is controlled by state

---

1. Plaintiffs have incorrectly cited to Section 511.05 of the Ohio Revised Code in this regard. The language quoted by plaintiffs is found in Section 311.05 of the Code, which provides: "The sheriff shall be responsible for the neglect of duty or misconduct in office of each of his deputies."

2. Section 1983 provides in pertinent part:
*Every person, who,* under color of statute, ordinance . . . of any State or Territory, *subjects, or causes to be subjected,* any citizen of the United States or other person within the jurisdiction thereof *to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable* to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (Emphasis added.)

law, pursuant to 42 U.S.C. § 1988.[3] *Hesselgesser v. Reilly,* 440 F.2d 901 (9th Cir. 1971); *Tuley v. Heyd,* 482 F.2d 590 (5th Cir. 1973); *Lewis v. Brautigam,* 227 F.2d 124 (5th Cir. 1955); *Scott v. Vandiver,* 476 F.2d 238 (4th Cir. 1973). In each of these cases, the Court allowed the plaintiff to maintain his § 1983 claim against the sheriff who had not participated in the allegedly unlawful conduct, solely because the state law imposed vicarious liability upon him for the acts or omissions of his deputies.

This Court cannot agree with the result reached by the Courts in those cases nor can this Court accept the reasoning upon which the Courts relied in allowing the plaintiffs to proceed under § 1983 against the sheriffs for an alleged deprivation of their civil rights.

The Ninth Circuit in the leading *Hesselgesser* case, while acknowledging that the " . . . *Civil Rights Act does not itself specifically establish a basis for liability, vicarious or otherwise, against persons who do not participate in a civil rights violation . . .*" supra, 440 F.2d 902 (Emphasis added.), found, nevertheless, that § 1988 authorized the application of state laws pertaining to vicarious liability and liability created by statute under appropriate circumstances. Thereafter, the Court summarily concluded that the application of state statutes making sheriffs liable for the misconduct of their deputies if applied to civil rights deprivations would not be inconsistent with the Constitution or laws of the United States.

This Court is of the opinion, however, that resort to a state statute for purposes of establishing a basis for vicarious liability against a person who does not participate in a civil rights violation, where no such basis has been established by Congress, is not authorized under the provisions of § 1988. In this regard, the Supreme Court in *Moor v. County of Alameda,* 411 U.S. 693, 705, 93 S.Ct. 1785, 1793, 36 L.Ed.2d 596 (1973), discussed the purpose of Congress in enacting § 1988. The Court stated that § 1988 was "obviously intended to do nothing more than to explain the source of the law to be applied in actions brought to enforce the substantive provisions of the [Civil Rights] Act . . . ." The Court further stated:

. . . Properly viewed, then, § 1988 instructs [the] federal courts as to what law to apply in causes of actions arising under federal civil rights acts. But we do not believe that the section, without more, was meant to authorize the wholesale importation into federal law of state causes of action—not even one purportedly designed for the protection of federal civil rights. (Footnote omitted.) *Id.* at 703–704, 93 S.Ct. at 1792–1793.

In *Moor,* the plaintiffs sought to recover damages under § 1983 from the County of Alameda for the alleged deprivation of their civil rights on the grounds that California law imposed vicarious liability on the County for the acts or omissions of its Sheriff or deputy sheriffs. The Supreme Court examined the legislative history surrounding the enactment of § 1983 and concluded that Congress did not intend, *as a matter of federal law,* to create a substantive right within that section to sue a county or any public entity on the theory of its vicarious liability. Accordingly, the Court held that § 1988 could not be used

---

**3.** Section 1988 provides in pertinent part:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against the law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . .

in that case to accomplish that which Congress had refused to do in enacting § 1983.

The Supreme Court has not, however, directly considered the issue of whether a claim under § 1983 may be predicated upon the creation or codification of a state right to sue an individual on the theory of vicarious liability,[4] and the Sixth Circuit in several cases involving similar situations has specifically noted that the question as to whether vicarious liability was wrongfully imposed upon the sheriff on a claim under § 1983 was not raised on appeal and was not, therefore, considered.[5]

■ In light of the Supreme Court's analysis in *Moor* with regard to the scope and purpose of § 1988, this Court concludes that resort to § 311.05 O.R.C. in the present case through § 1988 is unnecessary in order to "enforce the substantive provisions" of § 1983. Moreover, the application of that state statute in this case for the purpose of determining the scope of liability established in § 1983 would expand rather than supplement the provisions of § 1983 and would be inconsistent with the Congressional intent in enacting that legislation.

■ This is not a case where reference to the state law is required on such questions as the appropriate limitations of actions[6] or available damages[7] to be applied to a § 1983 action because that provision is silent as to these matters

---

**4.** In *Moor v. County of Alameda, supra,* the Supreme Court rejected the petitioners' reliance on *Hesselgesser* and *Lewis, supra,* for the proposition that the state law allowing suit against the County on a theory of vicarious liability could be incorporated into federal law by virtue of § 1988. The Court noted that the Ninth Circuit in *Hesselgesser* and apparently the Fifth Circuit in *Lewis* had found authority for incorporating the state law through § 1988 on a finding that an independent federal cause of action had been asserted against the sheriff under § 1983. And, without indicating an opinion as to whether such independent federal cause of action would exist against a person under § 1983 absent an allegation of personal participation, the Court stated that, since it had determined that § 1983 was unavailable as a basis for suit against a County, in any event, the *Hesselgesser* and *Lewis* decisions could not be used to support the suggestion that § 1988 would authorize the creation of a federal cause of action against the County.

At least one Court has expressed its concern about the possible anomaly which may now exist in the Civil Rights laws by virtue of the decisions in *Hesselgesser* and *Moor.* In *Furumoto v. Lyman,* 362 F.Supp. 1267 (N.D.Cal. 1973), the court noted that under *Hesselgesser,* an individual may be required to bear the financial burden of a civil rights judgment where he has not been charged with committing specific acts against the plaintiff, and yet, under *Moor,* despite the existence of state imposed liability on a governmental agency, that state agency may not be held liable for damages under § 1983.

**5.** In *McDaniel v. Carroll,* 457 F.2d 968 (1972), cert. denied, 409 U.S. 1106, 93 S.Ct. 897, 34 L.Ed.2d 687, the Sixth Circuit upheld the award of punitive damages against the sheriff

for injuries sustained by the plaintiff who was shot by his deputy sheriff. The Court noted that, although the sheriff had not been present when the shooting occurred and had neither participated in, authorized nor ratified the deputy's actions, the sheriff did not challenge his liability as to the award of compensatory damages under § 1983. The Court, therefore, addressed itself only to whether punitive damages could be recovered under the Civil Rights Acts and concluded that state law could be used under § 1988 to determine what damages might be available if state law would serve the policies expressed in the Civil Rights Acts. Accordingly, the Court applied Tennessee law, which allowed for the recovery of compensatory as well as punitive damages against the sheriff for the torts committed by his deputy in the performance of his official duties.

In a more recent decision, the Sixth Circuit specifically refrained from considering whether a sheriff, whom the district court had held vicariously liable under § 1983 for the acts of his deputy in accordance with Tennessee law, could be charged with the civil rights violations of his deputies, committed without the sheriff's knowledge, because the issue was not raised on appeal. *Shannon v. Lester,* 519 F.2d 76 (1975).

**6.** Although there is some disagreement as to the appropriate statute of limitations to be applied in civil rights actions, it is well established in the Sixth Circuit that in actions filed under 42 U.S.C. § 1983, the applicable statute of limitations of the forum is controlling. *Crawford v. Zeitler,* 326 F.2d 119 (1964); *Garner v. Stephens,* 460 F.2d 1144 (1972).

**7.** See, *Sullivan v. Little Hunting Park,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); *McDaniel v. Carroll,* 457 F.2d 968 (6th Cir.

and the federal law is deficient in such provisions. In those instances, the Court would, of course, examine the factual allegations underlying the plaintiff's § 1983 claim in an effort to ascertain the state cause of action or common law-based tort most nearly analogous to the federal cause of action brought under § 1983 and apply the applicable statute of limitations or damage remedy which would have governed on the state claim. In the instant case, the issue with regard to the applicability of § 311.05 differs significantly from the applicability of state statute of limitations or the damages available under state law in that Congress has specifically spoken with regard to intended scope of liability created under § 1983. The particular language—"Every person who . . . subjects, or causes to be subjected"—demonstrates to this Court that Congress intended to create a federal substantive right against and impose liability upon only such person who, *by his own conduct under the color of state law* deprives a citizen of the United States or person within its jurisdiction of any rights, privileges or immunities secured by the Constitution and laws of the United States. To this end, Congress has established within § 1983 both the federal right for the protection of all persons in their civil rights and provided a remedy against the wrongdoer for their vindication. Accordingly, the application of § 311.05 O.R.C. would be inappropriate in view of the guidelines set forth in § 1988.

■ It should be noted that although a § 1983 claim may be premised upon factual allegations which would give rise to a state cause of action for a common law-based tort, it is well established that the federal cause of action is separate and distinct from the state claim.[8] And while the Ohio legislature may have the authority to impose vicarious liability upon a sheriff for the *tortious* conduct of his deputies, that authority cannot be extended to create a federal cause of action against a person and impose vicarious liability upon a person under § 1983 for the alleged *unconstitutional* conduct of his subordinates when Congress has chosen not to do so.[9]

1972). *See generally, Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

**8.** *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In *Monroe v. Pape,* the Court held that the federal remedy created by § 1983 is supplementary to the state remedy and that the state remedy need not be sought and refused before the federal one is invoked. Justice Harlan, in his concurring opinion in that case, noted:

"The statute [42 U.S.C. § 1983] becomes more than a jurisdictional provision only if one attributes to the enacting legislature the view that a deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right. This view, by no means unrealistic as a common-sense matter, is, I believe, more consistent with the flavor of the legislative history than is a view that the primary purpose of the statute was to grant a lower court forum for fact findings." (Footnote omitted.) *Id.* at 196, 81 S.Ct. at 488.

**9.** The Court's conclusion that an allegation of at least some degree of personal participation is an essential element of a claim under § 1983 is not unsupported by prior case law. *See, Bennett v. Gravelle,* 323 F.Supp. 203 (D.Md. 1971), *aff'd,* 451 F.2d 1011 (4th Cir.), *cert. denied,* 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692 (1972); *Collins v. Schoonfield,* 363 F.Supp. 1152, 1156 (D.Md.1973); *Bichrest v. School District of Philadelphia,* 346 F.Supp. 249, 253 (E.D.Pa.1972); *Potts v. Wright,* 357 F.Supp. 215, 218 (E.D.Pa.1973); *Battle v. Lawson,* 352 F.Supp. 156, 158 (W.D.Okl.1972); *Hopkins v. Hall,* 372 F.Supp. 182, 183 (E.D.Okl.1974); *Veres v. County of Monroe,* 364 F.Supp. 1327, 1331 (E.D.Mich.1973); *Glass v. Hamilton County Tennessee,* 363 F.Supp. 241, 243 (E.D. Tenn.1973); *Candelaria v. Valdez,* 353 F.Supp. 1096, 1097 (D.Colo.1973); *Salazar v. Dowd,* 256 F.Supp. 220, 223 (D.C.Colo.); *Mathis v. Pratt,* 375 F.Supp. 301 (N.D.Ill.1974); *Matthews v. Brown,* 362 F.Supp. 622 (E.D.Va. 1973). While none of these cases involved the situation where a state statute allowed for recovery against a state official on a theory of vicarious liability, the conclusion reached by the Courts with respect to the substantive allegations necessary in order to state a claim under § 1983 would preclude the imposition of liability absent a charge of personal culpability, regardless of whether the state chose to provide such a remedy in state court or not.

In *Veres v. Monroe County,* D.C., 364 F.Supp. 1327, 1331, the Court stated the appropriate limits of a cause of action under § 1983:

> Even if the County Auditor were sued in his individual capacity, however, *the complaint fails to state a cause of action against him.* The complaint merely charges the Auditor with direct or indirect responsibility for the wrongful acts of other defendants by virtue of his position and authority. No specific acts or omissions on the part of the Auditor are alleged. Thus, plaintiff seeks to impose liability upon the Auditor under the doctrine of respondeat superior. *Yet, the language of the civil rights statutes invoked by plaintiff contemplates personal acts or omissions by a defendant.* § 1983, for example, makes liable every person who "subjects or causes to be subjected" any citizen to the deprivation of his federal civil rights. Even the phrase "causes to be subjected" implies that plaintiff must allege and show more than mere authority by the defendant over others who have violated plaintiff's rights. *Without alleging at least one specific act or omission by the Auditor which was a causative factor in depriving plaintiff of his federal civil rights, plaintiff has not shown that he is entitled to relief.* . . . (Emphasis added.)

In light of the foregoing analysis and the Supreme Court's reasoning in *Moor,* this Court concludes that the instant claim against Sheriff Weikle under § 1983 is not maintainable *as a matter of federal law.* Accordingly, the plaintiffs have failed to state a claim upon which relief could be granted herein, and the plaintiffs' motion for reconsideration of the Court's order of June 12, 1975 is denied.

It is so ordered.