James N. LEWIS, Appellant,

v.

George BRAUTIGAM, I. Ray Mills, Dayton Blackford and Thomas J. Kelly, Appellees.

No. 15663.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1955.

M. H. Rosenhouse, Miami, Fla., for appellant.

Harry L. Durant, Milton M. Ferrell, Roy Lee Jones, George A. Brautigam, Miami, Fla., for appellees.

Before RIVES, TUTTLE and JONES, Circuit Judges.

RIVES, Circuit Judge.

This action is for a conspiracy to interfere with civil rights, under 42 U.S.C.A. § 1985(3),[1] or for the deprivation of such rights, under 42 U.S.C.A. § 1983,[2] or both. The appeal is from a judgment dismissing the complaint as failing to

---

1. "§ 1985. *Conspiracy to interfere with civil rights*—

\* \* \* \* \* \* \*

"(3) If two or more persons in any State or Territory conspire \* \* \* for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; \* \* \* in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

2. "§ 1983. *Civil action for deprivation of rights.* Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

state a claim upon which relief can be granted against any of the defendants.

The averments of the complaint must be restated at some length. The defendant Brautigam was State's Attorney of the Eleventh Judicial Circuit of Florida; the defendant Mills was a police officer, special investigator or deputy sheriff of Dade County, Florida; the defendant Blackford was a deputy sheriff of Dade County, Florida; and the defendant Kelly was the sheriff of said County. The grand jury for Dade County, Florida had returned an indictment against the plaintiff Lewis charging him with the murder of one Dora Pinder. On October 14, 1953, the plaintiff was held in custody by the sheriff and his deputies in the County jail awaiting trial on said indictment, and "was practically in daily conference with his attorneys, who maintained offices in the City of Miami, Florida, and were residents thereof." Shortly prior to October 14, 1953, the plaintiff had entered a plea of not guilty to said indictment.

The defendants entered into a conspiracy "to injure, oppress, threaten and intimidate the plaintiff, because of his having exercised the right and privilege secured to him by the Constitution and law of the United States to plead not guilty to a true bill of indictment found against him * * *." In furtherance of said unlawful conspiracy, the defendants caused the plaintiff to be surreptitiously removed on or about the 15th day of October, 1953, from the Dade County Jail to the Florida State Prison at Raiford, Florida, some 300 miles distant from Miami, by the defendants Mills and Blackford, acting under color of their offices, so that the plaintiff would be prevented from conferring with his counsel and preparing his defense for trial. In so removing the plaintiff, the defendants Mills and Blackford stopped the automobile at various places enroute and served intoxicating liquors to him and sought by intimidations and threats to have him change his plea of not guilty to the plea of guilty on said indictment. The defendant Brautigam, under color of his

office as State's Attorney, filed in the indictment proceedings a petition on or about the 14th day of October, 1953, stating that he believed that the investigation attending the indictment and the safety of the plaintiff, during said investigation period, will be best served by causing him to be transferred from the Dade County Jail to the State Penitentiary, and requested the court for an order directing such transfer without notice, though the defendant Brautigam then and there well knew that the petition was not well founded and was contrary to the law of Florida relating to the transfer of prisoners, Sec. 950.02 of the Florida Statutes Annotated; under which law the plaintiff insists such transfer can be made only at the request of the Governor, and then to the jail of another county rather than to the state prison;

"the only reason for the filing of a petition was for the purpose of circumventing the Statute and to have the plaintiff transferred to the State Prison some 300 miles away from his attorney, so that the defendants, Blackford and Mills, could more readily be in a position by threats and intimidations, by unlawful means, to attempt to have the plaintiff change his plea of 'Not Guilty' to 'Guilty'."

The defendants caused the plaintiff to be confined in the State Prison at Raiford, Florida, for approximately ten days, in "a punishment floor of solitary confinement cells"; they forced him to don prison garb, the same as convicted felons;

"the defendants, Mills and the said Blackford, at the direction and orders of the said Brautigam, required and forced the said plaintiff to pose for photographs, both motion picture and stills by one Ray Butler, which photographic stills and films were many in number and consisted of a great number of feet in length and which showed the plaintiff in convict garb in said State Prison and showed him agreeing to make a

retraction of his plea of 'Not Guilty', which photos and film are in the hands of the said defendant, George Brautigam, and the services for procuring said films and photos were agreed to by the said George Brautigam, as State's Attorney aforesaid, in the sum of Seven Hundred Dollars, and which bill was approved by the said George Brautigam, according to the Dade County Commissioner's records."

During the ten days the plaintiff was incarcerated in said State Prison, the defendants Mills and Blackford "daily forced the plaintiff to undergo questioning for hours at a time and at all hours of the day or night, threatening and intimidating the plaintiff with dire consequences, unless he agreed to change his 'Not Guilty' plea to 'Guilty'." Because of such threats, intimidation and questioning to the extent that the plaintiff could not physically stand the strain any longer, he was forced to agree to plead guilty, and immediately upon his agreeing so to change his plea the defendants Mills and Blackford brought him back to Miami. During the period of questioning, the defendant Mills stated to the plaintiff that, if he would agree to change his plea of "Not Guilty" to "Guilty", the supreme penalty of death would not be pronounced, but that he would be granted a pardon within not more than eight months after sentence was pronounced.

The complaint disavows any intention to charge the defendant Kelly, the sheriff of Dade County, Florida, with in any way maliciously causing the plaintiff's civil rights to be violated, and states that said Kelly is made a party defendant primarily because of the activities of his deputies. Damages, including punitive damages, are demanded in the sum of $150,000.

Dismissing the complaint for failure to state a claim against any of the defendants upon which relief can be granted, the district court stated its reasons as follows:

"it appearing to the Court that the complaint does not disclose any violation as to the plaintiff by any of the named defendants of any rights, privileges, or immunities guaranteed to the plaintiff by the Constitution of the United States, and that therefore the motions of the above named defendants to dismiss the complaint should be granted; and it further appearing to the Court that the complaint is an attempt to impose civil sanctions against individual state officials for alleged errors in performance of their duties, and if the statute is to be so interpreted it would, in the opinion of this Court, impose unconscionable burdens upon the officials of the several states * *."

■■ In determining the sufficiency of the complaint, the material facts, but not the unsupported conclusions of the pleader, are considered in the light most favorable to the plaintiff. McGuire v. Todd, 5 Cir., 198 F.2d 60, 63; Dunn v. Gazzola, 1 Cir., 216 F.2d 709, 711; Ortega v. Ragen, 7 Cir., 216 F.2d 561, 563. Civil proceedings in vindication of civil rights are governed by the Federal Rules of Civil Procedure, 28 U.S.C.A., 42 U.S.C.A. § 1988; Rule 1, Federal Rules of Civil Procedure; 2 Moore's Federal Practice, 2nd.ed., para. 1.03, p. 14. Under those rules, the theory of the plaintiff in stating his claim is not so important. 2 Moore's Federal Practice, 2nd. ed., Para. 54.62, p. 1208; 6 Id., para. 54.-62, p. 1208; see Driggers v. Business Men's Assurance Co. of America, 5 Cir., 219 F.2d 292. The complaint should not be dismissed on motion unless, upon any theory, it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved in support of his claim. Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615, 616, and authorities there collected.

■■ The defendants would have us treat the complaint as filed strictly under the statute providing against conspiracy to interfere with civil rights, 42 U.S.C.A. § 1985 (footnote 1, supra), which

has been often held to reach a conspiracy to deprive one of civil rights only when its object is a deprivation of equality, and not to cover conspiracies to deny due process. See Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253; Whittington v. Johnston, 5 Cir., 201 F. 2d 810, 811; Mitchell v. Greenough, 9 Cir., 100 F.2d 184, 187; McShane v. Moldovan, 6 Cir., 172 F.2d 1016, 1018; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 706; Dunn v. Gazzola, supra; Ortega v. Ragen, supra. If so, we would have to determine whether there has been a violation of that mere minimum of equal protection secured both by the due process clause and by the equal protection clause of the Fourteenth Amendment. See Truax v. Corrigan, 257 U.S. 312, 332, 42 S.Ct. 124, 66 L.Ed. 254; 12 Am.Jur., Constitutional Law, § 472. We do not think, however, that we are required so to treat the complaint. It charges that the conspiracy was actually carried into effect. If, thereby, the plaintiff was deprived of any rights, privileges or immunities secured by the Constitution and laws, the gist of the action may be treated as one for the deprivation of such rights under the broader civil rights statute, 42 U.S.C.A. 1983 (footnote 2, supra). See Watkins v. Oaklawn Jockey Club, 8 Cir., 183 F.2d 440, 441.

Under that statute, it is now well settled that law officers who exact confessions by violence can be held civilly liable. See Geach v. Moynahan, 7 Cir., 207 F.2d 714; Watkins v. Oaklawn Jockey Club, supra; cf. Davis v. Turner, 5 Cir., 197 F.2d 847; United States v. Jones, 5 Cir., 207 F.2d 785. Indeed, under 18 U.S.C.A. 242, which is the criminal counterpart of 42 U.S.C.A. 1983, officers who exact confessions by violence can be held criminally liable. Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774, affirming 5 Cir., 179 F.2d 656; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495. As against the defendants Mills and Blackford, therefore, it is clear that the complaint states a claim upon which relief can be granted.

As to the defendant Kelly, the sheriff of Dade County, it seems that under the laws of Florida the acts of his deputy, done under color of office, may be imputed to the sheriff.

"The law of Florida does not release a sheriff or his deputy from liability for wrongful acts merely because he is sheriff. It is generally held that the Sheriff and his deputy are one and the same person and that the acts of the deputy may be imputed to the Sheriff. There is accordingly no such relation as master and servant or principal and agent existing between them. The Sheriff acts through his deputy, is charged with knowledge of his acts and consents to all acts done officially or under color of his office." Holland, for Use and Benefit of Williams v. Mayes, 155 Fla. 129, 19 So. 2d 709, 710. See also, Malone v. Howell, 140 Fla. 693, 192 So. 224; 47 Am.Jur., Sheriffs and Constables, § 158.

As to the State's Attorney, Brautigam, the question is more difficult. A prosecuting attorney has many duties involving the exercise of grave discretion in the performance of which he is a quasi-judicial officer representing the state. Segars v. State, 94 Fla. 1128, 115 So. 537; 42 Am.Jur., Prosecuting Attorneys, § 2. Ordinarily, when so acting, he cannot be compelled to answer to a private citizen for errors in the determination either of law or of fact. 42 Am.Jur., Prosecuting Attorneys, § 274. For full and able discussions of the exemption vel non of public officers from liability under the civil rights acts, because of the discretionary nature of their duties, see the recent cases of Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Morgan v. Sylvester, 2 Cir., 220 F.2d 758, affirming D.C., 125 F.Supp. 380; Francis v. Lyman, 1 Cir., 216 F.2d 583; Dunn v. Gazzola, 1 Cir., 216 F.2d 709, and Cobb v. City of Malden, 1 Cir., 202 F.2d 701, 706; see also, Gregoire v. Biddle, 2 Cir., 177 F.2d 579. We need not, however, explore that difficult and

important field of law upon the present appeal, further than to say that a quasi-judicial officer, such as a prosecuting attorney, who acts outside the scope of his jurisdiction and without authorization of law, cannot shelter himself from liability by the plea that he is acting under color of office. Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 138, 118 A.L.R. 1440; 43 Am.Jur., Public Officers, § 277.

 Brautigam may well have been acting within the scope of his jurisdiction in filing and urging the petition for transfer of the plaintiff from the Dade County Jail to the State Penitentiary. A decision of whether he was so acting or not is not necessary to sustain the sufficiency of the complaint as against the motion to dismiss. The complaint further alleges that it was at the direction and orders of Brautigam that Mills and Blackford forced plaintiff to pose for photographs, showing him in convict garb in the State Prison, agreeing to make a retraction of his plea of "Not Guilty", and that Brautigam, as State's Attorney, approved a bill for such photographs in the sum of $700.00. The complaint is further subject to the construction that the actions of the defendants Mills and Blackford in extorting a plea of guilty from the plaintiff by threats, intimidation, long questioning, and promises of reward, were committed pursuant to their prior conspiracy and agreement with the defendant Brautigam. If the State's Attorney ordered and directed the officers to force the plaintiff to plead guilty, then certainly he is no less liable than are those who carried out his instructions. It would be wrong to hold the officers liable but the State's Attorney exempt. On motion to dismiss, it cannot be held that such acts were either within the scope of his jurisdiction as State's Attorney, or were authorized by law.

While the complaint was subject to many imperfections, we think that it stated a claim against each defendant upon which relief can be had. The judg-

ment of the district court is, therefore, reversed and the cause remanded.

Reversed and remanded.