**John MADISON and Kim Madison,**
**Appellants,**

v.

**E. Wilson PURDY and Richard E.**
**Gerstein, Appellees.**

No. 26370.

United States Court of Appeals
Fifth Circuit.

April 21, 1969.

Richard Kanner, Miami, Fla., for appellants.

Joseph W. Womack, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Thomas C. Britton, County Atty., H. Jackson Dorney, Asst. County Atty., Miami, Fla., for appellees.

Before BROWN, Chief Judge, AINSWORTH, Circuit Judge, and COMISKEY, District Judge.

COMISKEY, District Judge:

This damage suit is the result of an unsuccessful Florida state prosecution against the plaintiffs-appellants. The defendants in this action are the State Attorney for the Eleventh Judicial District of Florida, comprising Dade County, and the Director of Public Safety and Sheriff of Dade County. Plaintiffs state two causes of action in their complaint: the first cause alleges a common law malicious prosecution and false arrest suit, and the second cause is a civil rights action under 42 U.S.C. § 1983, § 1985 and § 1986. Upon motion of the defendant-appellee State Attorney, the suit was dismissed as to him on the ground of official immunity. The suit against the defendant Director of Public Safety and Sheriff of Dade County is still being prosecuted in the district court, and we are concerned only with the appeal from the order dismissing the suit against the State Attorney. For the reasons stated below, we reverse the judgment of dismissal.

A motion to dismiss on the basis of the pleadings alone should rarely be granted. In Barber v. Motor Vessel "Blue Cat", 5 Cir., 1967, 372 F.2d 626, 627, we pointed out that the practice of dismissing claims "on the basis of the barebone pleadings is a precarious one with a high mortality rate." There are certain guidelines which must be followed in considering a motion to dismiss. First, a court must accept as true all facts which are well pleaded in the complaint, and it must view such facts in the light most favorable to the plaintiff. "It is axiomatic that a motion to dismiss an action for failure to state a claim upon which relief can be granted admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts. Thus, in deciding such a motion, the court views the allegations of the complaint in the light most favorable to the plaintiff, accepting as true all facts well pleaded." Ward v. Hudnell, 5 Cir., 1966, 366 F.2d 247, 249. Second, a complaint should not be dismissed unless there is no possibility that the plaintiff can recover under the allegations of his complaint. "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). International Erectors v. Wilhoit Steel Erectors & Rental Service, 5 Cir., 1968, 400 F.2d 465, 471; Bobby Jones Garden Apartments, Inc. v. Suleski, 5 Cir., 1968, 391 F.2d 172, 177; Carmack v. Gibson, 5 Cir., 1966, 363 F.2d 862, 864. In Lewis v. Brautigam, 5 Cir., 1955, 227 F.2d 124, 127, 55 A.L.R.2d 505 we said:

"In determining the sufficiency of the complaint, the material facts, but not the unsupported conclusions of the pleader, are considered in the light most favorable to the plaintiff. * * * Civil proceedings in vindication of civil rights are governed by the Federal Rules of Civil Procedure * * *. Under those rules, the theory of the

plaintiff in stating his claim is not so important. * * * The complaint should not be dismissed on motion unless, upon any theory, it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved in support of his claim."

Assuming all the well pleaded facts in the complaint to be true for the purpose of this decision, and viewing the allegations of the complaint in the light most favorable to the plaintiffs-appellants, we cannot say that it appears beyond doubt that they can prove no set of facts in support of their claim which would entitle them to relief.

With these principles in mind, we now examine the allegations of the complaint. Appellants allege that an information was filed against them for unlawfully torturing their infant daughter on August 23, 1967. On September 12, 1967, the appellants voluntarily submitted themselves to the defendant sheriff after a writ of capias and arrest warrants had been issued. It is further alleged that the case came on for trial on two separate occasions, but was continued each time upon motion of the State Attorney. On November 27, 1967, the information was dismissed by a criminal court judge for lack of prosecution. The appellants' child who had been declared dependent by the Juvenile Court and placed in a foster home at the commencement of the investigation of the crime, was returned to the appellants by order of the Judge of the Juvenile Court after the termination of the criminal proceedings.

■ In their complaint appellants are seeking to hold the appellee State Attorney liable in damages, even though he is entitled to the defense of official immunity. The leading case in this circuit on the official immunity of a prosecuting attorney is Lewis v. Brautigam, *supra,* 5 Cir., 1955, 227 F.2d 124. In that case we recognized that a prosecuting attorney is a quasi-judicial officer and as such generally enjoys official immunity:

"A prosecuting attorney has many duties involving the exercise of grave discretion in the performance of which he is a quasi-judicial officer representing the state. [Citing authorities.] Ordinarily, when so acting, he cannot be compelled to answer to a private citizen for errors in the determination either of law or of fact." 227 F.2d, at 128.

But we then pointed out that there is an important limitation upon a prosecuting attorney's offical immunity: "[A] quasi-judicial officer, such as a prosecuting attorney, who acts outside the scope of his jurisdiction and without authorization of law, cannot shelter himself from liability by the plea that he is acting under color of office." 227 F.2d, at 128–129. In the *Lewis* case the plaintiff had alleged that he was forced to plead guilty to a criminal charge by two police officers, and he further alleged that the officers had so acted pursuant to the orders and directions of the defendant prosecuting attorney. We held that by giving such orders the defendant prosecuting attorney became liable for the acts of the police officers which were outside the prosecuting attorney's scope of jurisdiction:

"If the State's attorney ordered and directed the officers to force the plaintiff to plead guilty, then certainly he is no less liable than are those who carried out his instructions. It would be wrong to hold the officers liable but the State's Attorney exempt. On motion to dismiss, it cannot be held that such acts were either within the scope of his jurisdiction as State's Attorney, or were authorized by law." 227 F.2d, at 129.

■■ Here, the appellants allege that "[a]ll acts of assistant state attorney Sawyer were done under the authority of, and for and on behalf of, and at the direction of * * * Richard E. Gerstein [the defendant State Attorney] * * * "[1]

1. Count I, paragraph 6 of the complaint.

Under the clear authority of Lewis v. Brautigam, *supra*, this allegation if proved, would state a cause of action against the appellee Gerstein for any act committed by Sawyer which could give rise to liability. But since Assistant State Attorney Sawyer is also a prosecuting attorney, he, too, enjoys official immunity for acts committed within the scope of his jurisdiction. However, appellants allege that Sawyer entered into a conspiracy with a deputy sheriff, Mrs. Gisela Surbaugh, to give "basis and justification to the Juvenile Court to maintain custody of the baby until the investigation was complete, and to otherwise deprive the Plaintiffs of the love and companionship of their child and to deprive the Plaintiffs of their right to be secure in their person, house and effects against unreasonable searches and seizures, of equal protection of laws, and due process of laws." [2] The appellants may well prove that Sawyer's act of entering into a conspiracy with Deputy Sheriff Surbaugh was an act outside his jurisdiction and authority. Furthermore, the act of entering into a conspiracy may render a person responsible for the acts of his co-conspirator and thus make him vulnerable to a damage suit. In Nesmith v. Alford, 5 Cir., 1963, 318 F. 2d 110, 126, we said:

> "Of course, for a claim under [42 U.S.C.] § 1983, a conspiracy as such is not an indispensable element as it is under § 1985. But it may be charged as the legal mechanism through which to impose liability on each and all of the Defendants without regard to the person doing the particular act. Conspiracy is asserted in that situation on more or less traditional principles of agency, partnership, joint venture, and the like."

■ Appellants allege that they were charged and arrested as a result of requests made by Assistant State Attorney Sawyer and Deputy Sheriff Surbaugh, after these two officials had conducted an investigation of the crime. Appellants contend that they were arrested "without probable cause and with either actual malice or under circumstances showing such a want of care and reckless indifference to the rights of the plaintiffs as to constitute and be equivalent to legal malice * * *." [3] Even if Sawyer might succeed in claiming immunity from responsibility for his part in the investigation and his act of requesting that the appellants be charged and arrested, Deputy Sheriff Surbaugh, if she were sued, could not escape responsibility on the ground of official immunity. In Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967), the Supreme Court said, "The common law has never granted police officers an absolute and unqualified immunity * * *." In that case, the policemen were sued for allegedly making illegal arrests, and the Court said that they could escape liability only if they could show that they acted in good faith and with probable cause in making the arrests. Since appellants allege that they were arrested maliciously and without probable cause, and for the purpose of the motion to dismiss this allegation of fact must be presumed to be true, Deputy Sheriff Surbaugh may well be responsible for her part in the investigation and arrest. And under Nesmith v. Alford, *supra*, and Lewis v. Brautigam, *supra*, this responsibility could, under at least one set of facts, possibly extend to Assistant State Attorney Sawyer and his superior, appellee State Attorney Gerstein, who allegedly authorized and directed Sawyer's acts. Therefore, it cannot be said with certainty that the appellants cannot possibly recover under the allegations of their complaint, and the judgment of dismissal must be reversed.

Reversed and remanded.

2. Count II, paragraph 4 of the complaint.

3. Count I, paragraph 5 of the complaint.