Beatrice ROBERSON and Maggie Derringer, on behalf of themselves and a class of persons similarly situated, Plaintiffs,

v.

Jim WOOD, Four Fountains, Inc., a Delaware for-profit corporation, and Arthur Quern, in his official capacity as Director of the Illinois Department of Public Aid, Defendants.

Civ. No. 78–4321.

United States District Court, E. D. Illinois.

Jan. 18, 1979.

Margaret Stapleton, Land of Lincoln Legal Assistance Foundation, East St. Louis, Ill., Jay Rosen, Land of Lincoln Legal Assistance Foundation, Mount Vernon, Ill., Samuel Wilds, Senior Citizens Legal Services, East St. Louis, Ill., for plaintiffs.

K. Peter Kemezys, Charleston, Ill., for defendants Jim Wood and Four Fountains, Inc.

Barbara Fritsche, Asst. Atty. Gen., State of Ill., Springfield, Ill., for defendant Arthur Quern.

## ORDER

FOREMAN, Chief Judge:

Plaintiffs, Beatrice Roberson and Maggie Derringer, are residents of Four Fountains nursing home. They bring this action on their own behalf and on behalf of others similarly situated alleging that certain provisions of Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq., known popularly as "Medicaid", are being violated by defendants and that defendants have violated constitutionally and statutorily protected rights of the plaintiffs. The defendants are Jim Wood, Administrator of Four Fountains nursing home, Four Fountains, Inc., and Arthur Quern as Director of The Illinois Department of Public Aid.

Medicaid is a joint federal-state program providing medical assistance benefits to qualified recipients. The federal government reimburses qualifying states for a portion of the expenditures made by the state for certain medical care and services provided to eligible individual recipients. In order to receive federal reimbursement the state must establish an approved state plan for medical assistance which meets established federal guidelines. The state performs these services by contracting with qualified private providers of medical services, such as defendant, Four Fountains, Inc.

Plaintiffs' complaint is based on alleged violations by the defendants of Title XIX standards in reference to patient transfers. The five claims for relief are basically:

1. That the planned transfers of plaintiffs by defendants, Woods and Four Fountains, violate plaintiffs' rights under the Medicaid Act and regulations promulgated pursuant to it, specifically the Patients' Bill of Right, which is codified at 42 CFR 405.-1121(k)(4):

(k) . . . These patients' rights policies and procedures ensure that, at least, each patient admitted to the facility:

(4) Is transferred or discharged only for medical reasons, or for his welfare or that of other patients, or for nonpayment for his stay (except as prohibited by titles XVIII and XIX of the Social Security Act, and is given reasonable advance notice to ensure orderly transfer or discharge, and such ac-

tions are documented in his medical record.

2. That plaintiffs are third party beneficiaries of the "Provider Agreement" between Four Fountains and Illinois Department of Public Aid. Since part of that agreement requires the provider to comply with applicable federal standards, the plaintiffs may sue as third party beneficiaries, to force the provider to comply with federal standards.

3. That Title XIX of the Social Security Act and regulations adopted pursuant thereto require the state agency administering the Medicaid program to provide notice and an opportunity for hearing at the time any action is taken affecting the recipient's claim to Medicaid benefits. Since insufficient notice and opportunity to be heard were afforded plaintiffs prior to the planned transfer, they claim a private claim for relief under Title XIX of the Social Security Act.

4. That the failure to afford notice and opportunity to be heard prior to the planned transfer deprived plaintiffs of due process rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

5. That the defendant, Wood and Four Fountains, have failed to establish written policies regarding certain transfer procedures as required by Title XIX of the Social Security Act and the regulations promulgated pursuant thereto. As a result, plaintiffs have been damaged by the defendants' failure to comply with federal requirements.

All defendants have made motions to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)).

Before discussing these motions, a brief factual setting is necessary. Plaintiffs, Roberson and Derringer, received letters from defendant Wood informing them that they would be transferred from Four Fountains Convalescent Center. According to plaintiffs' complaint, the plaintiffs are classified as in need of highly skilled treatment under the Medicaid statute. The complaint states that defendants are contractually bound to provide these medical services to the named plaintiffs. Defendants sought to transfer plaintiffs, apparently because such a transfer would be financially beneficial to the defendant, Four Fountains. Plaintiffs commenced this suit and sought a Temporary Restraining Order, enjoining defendants from transferring any Medicaid recipient, except in compliance with 42 CFR 405.-1121(k)(4) which allows transfer only for medical reasons, the patient's welfare or that of other patients, or non-payment of stay. After the Temporary Restraining Order was granted, all parties to the lawsuit agreed that the terms of the Temporary Restraining Order would be complied with until a decision was reached on defendants' motions to dismiss.

At the outset, the Court is well aware that in considering a motion to dismiss, all well pleaded facts and all inferences drawn therefrom are viewed in a light most favorable to the plaintiff. *Madison v. Purdy,* 410 F.2d 99 (5th Cir. 1969). Unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim, which would entitle them to relief, a motion to dismiss must be denied, *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Defendant Quern's Motion*

Defendant Quern first contends that the third claim for relief of the complaint should be dismissed for lack of federal subject matter jurisdiction. Jurisdiction is alleged under 28 U.S.C. 1331 and 28 U.S.C. 1343. In dealing with this issue in terms of a motion to dismiss, the basic question before the Court is whether the plaintiffs have framed their complaint so that it arises under the Constitution or laws of the United States, *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The *Bell* Court found federal jurisdiction over a money damage claim based on Fourth and Fifth Amendment infringements. Justice Black's opinion in *Bell* went on to state that

the federal court may not have subject matter jurisdiction if a claim that arises under the Constitution or laws of the United States is wholly insubstantial or frivolous, a prior decision of The Court must foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy, *Hagans v. Levine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

■ Viewing the facts alleged by plaintiffs in their most favorable light, it appears that plaintiffs' claim of right to pretransfer notice and hearing arise under the laws of the United States (42 U.S.C. 1396 et seq.) and further that no Supreme Court case has affirmatively foreclosed this issue. For that reason the defendant Quern's motion to dismiss for lack of subject matter jurisdiction is DENIED.

### Failure To State A Claim

Defendant Quern's second basis for his motion is that the third and fourth counts of the plaintiffs' complaint fail to state a claim upon which relief can be granted. These two counts allege a failure by defendant to afford plaintiffs notice and an opportunity to be heard on the proposed transfer. The alleged denial is of a property right that plaintiffs' claim arises out of a legitimate claim of an entitlement given plaintiffs by the statute and regulations. The thrust of defendants' motion to dismiss is that there exists no protectible right in these plaintiffs; consequently, no claim for relief exists. Plaintiffs contend that the Medicaid statute and regulations have created a property right in them. They contend that the statutory scheme has created a legitimate claim of entitlement on alternate theories. First, they claim the statute provides that Medicaid patients can choose among qualified providers and that transfers can only be made for certain enumerated reasons upon sufficient notice to the patient. Since the patients can choose where to receive their Medicaid benefits and have a right not to be transferred without proper reasons and notice, plaintiffs claim a property right in remaining in the same provider nursing home. The other ground they argue as a basis for a property right is that the regulations state the patients are entitled to hearing and notice whenever benefits are reduced or terminated. They claim that an elderly patient who has become accustomed to certain familiar surroundings will suffer from transfer trauma if he is moved to another facility. This transfer trauma is the equivalent of a diminution of benefits entitling plaintiffs to notice and a hearing under the statute and regulations.

It appears to the Court that these two counts must stand or fall upon an analysis of the property right claimed by plaintiffs. This exact issue is a matter of first impression in this circuit. Counsel for both sides have supplemented the record with a number of cases to aid the Court in the property right analysis.

■ For purposes of a motion to dismiss, it appears to the Court that plaintiffs have stated a claim upon which relief can be granted. The United States Court of Appeals for The Third Circuit recently decided several companion cases which, although not directly on point, do serve as an excellent source for this Court to look to in deciding this property right issue. (*See Klein, et al. v. Califano,* 586 F.2d 250 (3rd Cir. 1978) and companion cases of *Town Court Nursing Center v. Beal,* 586 F.2d 280 (3rd Cir. 1978) and *Town Court Nursing Center v. Beal,* 586 F.2d 266 (3rd Cir. 1978) as reported in CCH *Medicaid and Medicaid Guide,* New Developments, par 29, 256; 29, 257; 29, 258.) The Third Circuit cases involved the rights of Medicaid patients in a situation where the state or federal government intended to terminate Medicaid benefits to provider facilities because of noncompliance with the Medicaid statutory and regulatory requirements.

In *Klein* the Court analyzed the due process claim and found a property right in the plaintiff class. The Court felt that the statutory set up was intended to benefit the patients and if those patients were to be transferred because their facility was alleged to be in noncompliance, then the pa-

tients should have some input in deciding whether benefits should be terminated. The *Klein* Court looked to the statute and implementing regulations in determining if a possible property entitlement existed.

The Court viewed the entire statutory scheme and found that the regulations provided that persons eligible for Medicaid assistance may obtain medical care from any institution or person of their choosing qualified to provide the particular service, (42 U.S.C. § 1396a(a)(23); 45 CFR § 249 20 (1976). The regulations further provide that timely notice and an opportunity for a hearing be given any recipient "who is aggrieved by any agency action resulting in suspension, reduction, discontinuance or termination of assistance." The Court also noted that the regulations limit the occasions when a nursing home patient may be transferred. A resident may be "transferred or discharged only for medical reasons or for his welfare or that of other patients, or for nonpayment for his stay." 45 CFR § 249.12(a)(1)(ii)(B)(4) (1976). The Court felt that these regulations, read together, created a legitimate entitlement to continued residency at the home of one's choice absent specific cause for transfer. Since these patients had an expectancy in continued benefits and a right to remain at the facility they had chosen, they were entitled to some type of pre-transfer notice and hearing.

Although the issue in *Klein* was not the same issue as this Court faces, there appears no reason why that property right analysis should not be applied here. In *Klein* the proposed transfers were instituted because of alleged noncompliance with federal requirements. The *Klein* Court was concerned that administrators could act arbitrarily and transfer patients if some sort of hearing was not afforded. In the instant case, noncompliance is not involved, the defendants merely seek to transfer plaintiffs. The chance of arbitrary action is even more possible in this case because defendants seek to transfer the plaintiffs for no reason. In reading the statute and regulations involved, it appears that plaintiffs do have a

legitimate property interest in continued residency at the facility of their choice. For that reason defendants' motion to dismiss for failure to state a claim must be DENIED.

### Defendant Wood and Four Fountains' Motion

Plaintiffs' complaint against these defendants alleges that the proposed transfers are illegal under Title XIX of The Social Security Act and the regulations promulgated thereunder. Further, that the plaintiffs are third party beneficiaries to the provider agreement between Four Fountains, Inc., and The Illinois Department of Public Aid and that Four Fountains, Inc. has breached that contract by not following the federal regulations. Plaintiffs allege that they have suffered damage as a result of these acts and seek Fifteen Thousand ($15,000.00) Dollars in damages to each plaintiff.

Defendants' motion to dismiss claims that this Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted.

█ Jurisdiction is alleged by the plaintiffs under 28 U.S.C. § 1331 and that section requires that the matter in controversy exceed Ten Thousand ($10,000.00) Dollars and the matter must arise under the Constitution, treaties or laws of the United States. The complaint seeks Fifteen Thousand ($15,000.00) Dollars damages for each plaintiff and clearly meets the first requirement. The plaintiffs' claim for relief alleges violations by the defendants of Title XIX of The Social Security Act, 42 U.S.C. 1396, *et seq*, and its accompanying regulations. There has been no clear holding of the Supreme Court indicating that this claim is clearly frivolous; consequently, the Court finds that subject matter jurisdiction exists on Counts I and V.

█ Count II is based on a contract theory which is normally a state court action. But since it arises out of a common nucleus of operative facts and plaintiff would ordinarily be expected to try them all in one

judicial proceeding, this Court will confer subject matter jurisdiction over the pendent state claim alleged in Count II.

■ Defendants next contend that plaintiffs' complaint fails to state a claim upon which relief can be granted. Since the statute does not grant an express right to plaintiff, this issue turns on whether the Medicaid Act grants to these plaintiffs an implied federal claim for relief cognizable under 28 U.S.C. § 1331. The Court notes that District Courts from New Hampshire and Ohio have reached opposite results on this very issue. (*See Fuzie v. Manor Care, Inc.,* CCH *Medicare and Medicaid Guide* Par 28, 694, 461 F.Supp. 689 (N.D.Ohio 1977) finding no implied private right; and *Berry v. First Healthcare Corporation, Inc.,* CCH *Medicare and Medicaid Guide* Par 28, 693 (D.N. H.1977) finding an implied private right.)

The Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) established a four part test to be applied to determine if a particular statutory scheme granted an implied private remedy for violation:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted," that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? 422 U.S. at 78, 95 S.Ct. at 2088 (Citations omitted)

Under the first part of the test, the *Cort* Court said that the legislation is for the plaintiffs' benefit where there has been a clearly articulated federal right or a pervasive legislative scheme governing the relationship between the plaintiff and defendant class. In viewing the statute and accompanying regulations, it is clear to this Court that the statute was enacted for the especial benefit of these plaintiffs. 42 U.S.C. § 1396a(a)(19) provides that states participating in the Medicaid program must:

> provide such safeguards as may be necessary to assure that . . . care and services will be provided in a manner consistent with . . . the best interests of the recipients . . .

Therefore, plaintiffs satisfy the first part of the *Cort* test.

Defendants claim that under the second prong of this four part test the plaintiffs were not intended to be given a private remedy. Defendants argue that since the Secretary has power to deny federal funds to non-complying providers, there is no legislative intent to create a private cause of action. It appears to the Court that the Secretary's only recourse under the statutes and regulations is to cut off federal funding where states do not comply with federal requirements. Under defendants' argument, plaintiffs are placed in the precarious position of hoping that the Secretary can somehow halt an allegedly illegal transfer through the cut off of funds. Following this argument to its logical conclusion, the plaintiffs will lose one way or another. They will either be transferred against their wishes initially, or funding for their facility will be cut off because of noncompliance and they will then have to be transferred because their facility is no longer qualified. If the law was created for the benefit of these plaintiffs, and they now face possible harm, the statute must have implicitly intended them to enforce their rights because it appears no one else is empowered to do so.

The third question under the *Cort* analysis is whether a private remedy is consistent with the underlying purpose of the legislative scheme. As discussed above, the purpose of the statute is to provide medical services for individuals whose income and resources are insufficient to meet the costs of necessary medical services. Since the statute gives no one else the power to effectively protect the plaintiffs from these al-

leged deprivations, the Court finds that an implied remedy is consistent with the underlying purpose of the statute:

> where the agency has not provided a mechanism by which recipients can obtain relief, "there is no basis for the refusal of federal courts to adjudicate the merits of these claims." *Rosado v. Wyman,* 397 U.S. 397, 406 n.8 [90 S.Ct. 1207, 25 L.Ed.2d 442] (1970). It is well settled that, where "federally protected rights have been invaded", and the responsible agency does not have a mechanism for granting relief or has refused to grant relief, "courts will be alert to adjust their remedies so as to grant the necessary relief." *Bell v. Hood,* 327 U.S. 678, 684 [66 S.Ct. 773, 90 L.Ed. 939] (1946).

> *Berry v. First Healthcare Corporation, Inc.,* CCH *Medicare and Medicaid Guide,* Par 28, 693 (D.N.H.1977).

The final question under the *Cort* test is whether it is inappropriate to infer a federal remedy because the area has been traditionally relegated to state law. The Medicaid Act is purely a federal creation and there appears no reason to litigate claims arising out of it on an ad hoc basis in each of the fifty state courts.

Therefore, under the *Cort* test, the Court finds that an implied cause of action exists in these plaintiffs.

Finally, defendants claim that since plaintiffs are only indirectly affected by the provider agreement, they state no claim under the third party beneficiary count. The Court disagrees and finds that the plaintiffs were intended as the beneficiaries of the agreement and they do state a claim upon which relief can be granted. (*See Fuzie* and *Berry, supra*)

Accordingly, the motions to dismiss by all defendants are DENIED.

Defendants are ordered to answer within twenty (20) days.

IT IS SO ORDERED.