[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2007
THOMAS K. KAHN
CLERK

No. 06-12840
Non-Argument Calendar

_____

D. C. Docket No. 06-60128-CV-UUB

CHARLES WESLEY O'BERRY,

Plaintiff-Appellant,

versus

STATE ATTORNEYS OFFICE, BROWARD COUNTY,
FT. LAUDERDALE POLICE DEPT.,

Defendants-Appellees.

_____

No. 06-13562
Non-Argument Calendar

_____

D. C. Docket No. 06-60268-CV-KMM

CHARLES WESLEY O'BERRY,

Plaintiff-Appellant,

versus

CITY OF FORT LAUDERDALE,
THE RISK MANAGEMENT DIVISION,
CITY COUNCIL,

CITY CIVIL SERVICE BOARD,
OZZIE DAVENPORT,
JERRY MELTZER,
BILL CAPKO,
EDWARD G. STEPHENS,
RONALD HANKS, in their
Official and Individual capacities,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(July 23, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Charles Wesley O'Berry, a Florida prisoner who is serving a 150-year

sentence after being convicted of two counts of rape in 1969, appeals the district

court's dismissals–for failure to state a claim upon which relief could be

granted–of his two, separately filed civil rights complaints, which we consolidated

on appeal. Upon review, we AFFIRM.

**I. BACKGROUND**

In his first complaint, No. 06-60128-UUB (S.D. Fla., Jan. 30, 2006)

(hereinafter "Complaint #1"), O'Berry claimed that the Office of the State

Attorney in Broward County, Florida, and the Ft. Lauderdale Police Department

conspired to violate his civil rights by using false evidence to indict and convict him in 1969 for a rape that he did not commit. O'Berry alleged that this conduct constituted a criminal act; he invoked 18 U.S.C. §§ 241 and 242 as the statutory basis for his complaint. O'Berry moved to amend his complaint to allege additional facts, but the magistrate judge declined to permit an amendment. The magistrate judge construed O'Berry's complaint as being a claim brought under 42 U.S.C. § 1983 (" § 1983") rather than 18 U.S.C. §§ 241 and 242. The magistrate judge then recommended a sua sponte dismissal of O'Berry's complaint, because the complaint was time-barred. The district court then dismissed O'Berry's complaint, pursuant to its authority under 28 U.S.C. § 1915A,[1] based on the magistrate judge's finding that the complaint was barred by Florida's four-year statute of limitations for claims of false arrest or malicious prosecution. The court concluded that all other pending motions should be dismissed as moot.

O'Berry's second complaint, No. 06-60268-KMM (S.D. Fla., Feb. 16, 2006) (hereinafter "Complaint #2") was filed approximately a month after Complaint #1. This time O'Berry lodged claims against against the City of Ft. Lauderdale; the

---

[1] 28 U.S.C. § 1915A requires that a court review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer," and states that upon such review, the court shall identify the cognizable claims or dismiss the complaint, if the court finds that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A (a), (b).

Risk Management Division; the City Council; the City Civil Service Board; Detectives Ozzie Davenport, Jerry Meltzer, and Bill Capko; Officer Ronald Hanks; and Assistant State Attorney Edward Stephens. O'Berry again claimed that the defendants had conspired to violate his constitutional rights in convicting him in 1969, in violation of 42 U.S.C. §§ 1983, 1985(3), and 1986. Complaint #2 was based on the same facts that O'Berry had alleged in Complaint #1. The magistrate judge recommended a sua sponte dismissal of Complaint #2. The magistrate judge first concluded that the earlier dismissal of Complaint #1 should have a res judicata effect on Complaint #2, as O'Berry's new complaint was "seek[ing] to relitigate the identical claims that were already litigated in this Court." R1-7 at 6. Furthermore, even if res judicata were not to apply Complaint #2, the magistrate judge concluded that Complaint #2 was well beyond the four-year statute of limitations applicable to claims of false arrest. The district court agreed and dismissed Complaint #2, pursuant to 28 U.S.C. § 1915A.

O'Berry has separately appealed the court's dismissals, filing one appeal for Complaint #1 and a separate one for Complaint #2. For ease of reference, we consolidated the two cases. We now discuss each in turn.

## II. DISCUSSION

A. Arguments On Appeal Concerning Complaint #1

4

We first address O'Berry's appeal of the dismissal of Complaint #1. We review de novo a dismissal for failure to state a claim under § 1915A. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam). A civil complaint filed by a prisoner seeking redress from an employee or officer of a governmental entity is reviewed under § 1915A, and may be dismissed if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b). "[P]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations and quotations omitted).

O'Berry's first argument with respect to Complaint #1 is that the district court improperly construed that complaint as one based on § 1983, rather than an action based on 18 U.S.C. §§ 241 and 242. The district court accepted the magistrate judge's finding that O'Berry could not bring an individual action under 18 U.S.C. §§ 241 and 242, as it was a criminal statute and the power to prosecute

5

criminal cases is vested exclusively in the Executive Branch. Thus the court

construed O'Berry's action in Complaint #1 as being civil in nature, and treated it

as being brought under § 1983. O'Berry contends that this re-characterization of

his action was in error.[2]

Under 18 U.S.C. § 241, individuals who conspire to "injure, oppress,

threaten, or intimidate" another person's "free exercise or enjoyment of any right

or privilege secured to him by the Constitution" shall be fined, or imprisoned, or

both. In addition, under 18 U.S.C. § 242, any individual, who, while acting under

color of any law, willfully deprives a person of his constitutional rights based upon

that person's race shall be fined, or imprisoned, or both. The statute's civil

counterpart, § 1983, provides that any individual, who, under the color of law,

deprives a person of constitutional rights or privileges, "shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983. Thus, § 1983 "provides for private relief in civil actions from

the deprivation of rights secured by the Constitution and its laws," whereas §§ 241

---

[2] It should be noted that O'Berry's main argument as to the unreasonableness of the district court's re-characterizing his claim in Complaint #1 as a § 1983 action is that 18 U.S.C. § 242 imposes a "willfulness" requirement on the officer's conduct, whereas § 1983 does not impose any such mens rea. He claims that the notion of willfulness is "incognizable" to the statutory scheme set forth in § 1983. Br. of Appellant, 06-12840, at 14. If anything, this fact would seem to inure to O'Berry's benefit, since the threshold for establishing a constitutional violation under § 1983 would be substantially lower than the threshold for establishing a criminal constitutional violation under 18 U.S.C. § 242.

6

and 242 "provide for criminal penalties for the deprivation of such rights." In re Estelle, 516 F.2d 480, 486 (5th Cir. 1975); see also Lewis v. Brautigam, 227 F.2d 124, 128 (5th Cir. 1955) (characterizing 18 U.S.C. § 242 as "the criminal counterpart of § 1983").

Here, O'Berry attempted to file his complaint pursuant to §§ 241 and 242. However, as the magistrate judge and the district court surmised, O'Berry could not force the U.S. Attorney General to bring a criminal prosecution against the defendants. Moreover, under 28 U.S.C. § 1915A, the court was obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff. The court's decision to construe O'Berry's claim as a § 1983 action was an attempt to adhere to this statutory obligation. Thus, we conclude that the magistrate judge and the district court acted properly in construing O'Berry's complaint as being civil in nature, and in thereby treating his claim–for § 28 U.S.C. 1915A screening purposes– as sounding in § 1983 rather than its criminal counterpart.

O'Berry next argues on appeal that he should have been permitted to amend Complaint #1, so that he could have included facts demonstrating that the statute of limitations should be subject to equitable tolling. O'Berry argues that he didn't learn of his constitutional injury until 2004–and that, had he been permitted to

amend his complaint to address this fact, the statute of limitations bar would have been subject to equitable tolling in his case.

We review the denial of a motion to amend a complaint for an abuse of discretion. Steger v. Gen. Elec. Co., 318 F.3d 1066, 1080 (11th Cir. 2003). A district court's discretion to dismiss a complaint without granting leave to amend is restricted by Fed. R. Civ. P. 15(a), which directs that leave to amend "shall be freely given when justice so requires." The district court, however, does not need to "allow an amendment . . . where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (internal citations and quotations omitted). The underlying legal conclusion of whether a particular amendment to a complaint is futile is reviewed de novo. Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999) (citation omitted). A court's denial of leave to amend is justified on futility grounds "when the complaint as amended [would] still [be] subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (internal citation and quotations omitted).

In Florida, § 1983 claims are subject to a four year statute of limitations. See Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citation omitted). "Federal law determines when a federal civil rights claim accrues." Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) (citation omitted). "The

general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. at 561-62 (internal citations and quotations omitted). "Plaintiffs must know or have reason to know that they were injured, and must be aware or should be aware of who inflicted the injury." Id. at 562 (citation omitted).

This case, however, is governed by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2346 (1994), where the Supreme Court held:

> [I]n order to recover [monetary] damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal. . . . A claim of damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S. Ct. at 2372. The district court must, therefore, determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . ." Id. at 487, 114 S. Ct. at 2372.

We discern no error in the district court's action. First, because O'Berry's claim was barred by Heck, the court's granting leave to amend his complaint would have been "futile," because, under the holding of Heck, "the complaint as

9

amended [would] still be subject to dismissal."  Hall, 367 F.3d at 1263; see id.

(finding an amendment to a complaint to be futile, because the amended complaint

would still contain "no potentially meritorious claims").  In addition, we are

unpersuaded by O'Berry's argument in favor of equitable tolling.  O'Berry's claim

was plainly time-barred, as the pertinent facts occurred in 1969, over 30 years

before he filed Complaint #1.  Moreover, as the magistrate judge observed in his

report, equitable tolling would not have been warranted, since:  (1) O'Berry failed

to demonstrate that the newly discovered evidence was necessary to inform him

that he had been subject to constitutional violations in 1969; and (2) O'Berry

arguably could have discovered the facts giving rise to his complaint earlier, had he

exercised "reasonably prudent regard for his rights."  Rozar, 85 F.3d at 561-62.

We agree that O'Berry's Complaint #1 was properly framed as a § 1983 claim, and

that it was plainly time-barred.  Moreover, we discern no error in the magistrate

judge's and the district court's refusal to grant O'Berry leave to amend Complaint

#1, as permitting an amendment in this case would have been futile.  Accordingly,

we affirm the district court's dismissal of Complaint #1.[3]

---

[3] O'Berry also argues on appeal that the district court improperly refused to refund the allegedly excessive filing fees that he paid when he filed Complaint #1. The fee filing provision of the Prisoner Litigation Reform Act requires that a prisoner bringing a pro se civil action "pay the full amount of a filing fee," whether or not he proceeds in forma pauperis, but provides that a court may not collect a filling fee in excess of "the amount of fees permitted by statute for the commencement of a civil action." 28 U.S.C. § 1915(b)(1), (3).  Here, however, O'Berry has presented no evidence that he paid excessive filing fees to the district court.  Thus, the court did

B. Arguments On Appeal Concerning Complaint #2

With respect to Complaint #2, O'Berry's argues that the district court erred in dismissing Complaint #2 on res judicata grounds, without allowing him an opportunity to join his two complaints. He also argues that the court improperly construed his complaint as being brought entirely pursuant to § 1983, rather than treating it as based in §§ 1983, 1985(3), and 1986.[4]

As noted previously, we review de novo a dismissal for failure to state a claim under § 1915A. Leal, 254 F.3d at 1278-79. The determination that res judicata applies is a pure question of law that is reviewed de novo. Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004).

The doctrine of res judicata bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties are the same in both suits; and (4) the prior and present causes of action are the same. See Davila v. Delta Air Lines, Inc., 326 F.3d

---

not err in refusing to refund any (allegedly) excessive filing fees.

[4] As noted previously, section 1983 "provides a cause of action for constitutional violations committed under color of state law. To prevail, plaintiffs must demonstrate both that the defendants deprived them of a right secured under the Constitution or federal law and that the deprivation occurred under color of state law." Burton, 178 F.3d at 1187-88. Section 1985 addressees conspiracies to interfere with civil rights. Childree v. UAP/GA Chem. Inc., 92 F.3d 1140, 1146 (11th Cir. 1996). Section 1986 provides that if a person has knowledge of a conspiracy in violation of § 1985 and has the power to prevent the violation, but refuses or neglects to do so, he may be liable under § 1986.

1183, 1187 (11th Cir. 2003) (internal citations and quotations omitted). The bar "pertains not only to claims that were raised in the prior action . . . but also to claims that could have been raised previously." Id. (citation omitted) In determining if "prior and present causes of action are the same, we must decide whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." Id. (internal citations and quotations omitted).

Here, the district court correctly determined that O'Berry's claim in Complaint #2 was barred by res judicata. The district court had jurisdiction over O'Berry's complaint in Complaint #1, and the court's determination in Complaint #1 that O'Berry had failed to state a claim upon which relief could be granted constituted a final judgment on the merits. Moreover, Complaint #2 alleged that the same defendants committed the same wrongdoings that O'Berry had alleged in Complaint #1, thereby supporting the district court's ultimate conclusion that res judicata was applicable.

While it is true that in Complaint #2 O'Berry named as defendants the City of Ft. Lauderdale, an individual Assistant State Attorney, and individual police officers, whereas in Complaint #1 O'Berry named as defendants the Office of the State Attorney and the Ft. Lauderdale Police Department, the essence of both complaints was that both the State Attorney's office and the Police Department

12

falsified evidence to improperly indict, arrest, convict, and sentence him. In other words, these two claims, which arose "out of the same nucleus of operative fact" and are "based on the same factual predicate," involved essentially the same defendants and the same causes of action. Thus, the district court acted properly in concluding that res judicata applies, and O'Berry has offered no evidence to the contrary.[5]

Furthermore, although the district court did not explain why it considered O'Berry's claim in Complaint #2 as being based entirely under § 1983, rather than including §§ 1985(3) and 1986, any action brought under §§ 1985(3) and 1986 would also have been barred by res judicata, because O'Berry could have raised those claims in Complaint #1. See Davila, 326 F.3d at 1187. Accordingly, we affirm the district court's dismissal of Complaint #2.

### III. CONCLUSION

O'Berry, a pro se prisoner, has appealed the district court's dismissal of Complaints #1and #2, both of which alleged constitutional violations on the part the Florida State Attorney's Office and the Ft. Lauderdale Police Department in

---

[5] We also note, as the district court did, that even if res judicata was not a bar to O'Berry's claim in Complaint #2, the action would nevertheless would be plainly time-barred–just as Complaint #1 was–due to the four-year statute of limitations applicable to § 1983 actions under Florida law.

connection with his indictment and conviction for rape in 1969. After reviewing

the record, we discern no error in the district court's dismissal of these complaints,

since Complaint #1 was plainly time-barred and Complaint #2 was barred by the

res judicata effect of Complaint #1. Accordingly, we **AFFIRM.**